CASE 2—EQUITY—JANUARY 10, 1882.

# Roach, &c., v. Ames, &c.

# Matthias' ex'r v. Same.

APPEAL FROM UNION CIRCUIT COURT.

1. When an administrator complies with a contract made by the decedent for the delivery of personal property paid for before his death, the breach of which would result in damages and costs to the estate, the chancellor will not hold the administrator responsible, when it is clearly shown that he acted in good faith, although the estate is insolvent.

2. He is entitled to the presumption of good faith in the discharge of his duties.

3. Creditors under chap. 39, sec. 33, Gen. Stat., cannot recover against the administrator on account of his action.

SPALDING & SPALDING FOR APPELLANTS.

No title passed by the decedent's sale of the corn crop; for when the agreement was made it was in an entirely different condition from that in which it was to be delivered. It was also at a different place from that at which it was to be delivered. The cases referred to by appellees' counsel are those in which no injury could result to creditors. The corn coming to appellees' hands with the lien upon it, he should have paid the claim of Matthias' executor in full. (1 Parsons on Cont., 527; Jennings v. Flannigan, 5 Dana, 217; Craw-

ford v. Smith, 7 *Ib.*, 60; 2 Duvall, 315; Moss v. Meshon, 8 Bush, 187; May v. Hoagland, 9 *Ib.*, 171; 10 *Ib.*, 460; 14 *Ib.*, 555; Greer v. Church, 13 *Ib.*, 430; Gen. Stat., chap. 39, sec. 33; Parsons on Cont., 130; 5 B. Mon., 500; 18 *Ib.*, 819; Gen. Stat., chap. 39, sec. 34.)

C. BENNETT AND C. C. ROSE FOR APPELLEES.

.The decedent has the right to make and carry out the contract in his life-time, although the possession of the property remained with him for a time. His creditors could not object to it after the corn had been delivered. The contract of sale passes the title, and is not merely executory. (Short v. Tinsley, 4 Met., 406; Whittaker v. Garnett, 3 Bush, 411; 10 *Ib.*, 471; Ferguson v. Northern Bank of Kentucky, 14 *Ib.*, 567; Robbins v. Oldham, 1 Duv., 28; Cummins v. Griggs, 2 Duv., ——; 18 B. Mon. 93.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

By section 33 of the General Statutes, chapter 39, all debts and liabilities of a decedent are of equal dignity, and to be paid ratably in the administration of the estate, except certain liabilities therein specified; and by section 42 of the same chapter, when the personal representative has paid to a creditor, &c., an undue proportion of his demands, he may recover from the creditor, distributee, or devisee the amount of overpayment, with the interest thereon. In the case before us the intestate, W. E. Ames, in his life-time, sold to Buckham and Field his crop of corn, estimated at 12,000 bushels, which Ames was to shell, sack, and deliver between the first and last of March, to be good, sound, merchantable flint corn, put up and delivered in good order, at the price of forty-five cents per bushel, to be paid for on delivery by the vendees. At the time of the sale, and shortly after, the purchasers paid to Ames, on this sale, the sum of $2,233.26. Ames, before the corn was delivered, died, and the appellee, James H. Dyer, was appointed his administrator. The corn was shucked and in pens at the death of the intestate to enable him to comply with his agreement, and when the appellee administered, he deliv-

ered the corn, and received the balance of the purchase price, with which he has charged himself as administrator.

The appellee, finding that liens had been asserted by certain creditors on portions of the estate of his intestate, filed a petition in equity asking for an ascertainment of the liens, and a reference to the commissioner for the purpose of auditing his accounts and settling the estate. An amended petition was also filed, in which the insolvency of the estate is alleged by reason of the numerous claims that are being presented, and the chancellor is called upon to settle it as an insolvent estate. The petition and amendment were both filed after the corn had been delivered to the vendees by the administrator. The appellants, who were creditors, filed answers, as well as exceptions to the commissioner's report, by which they seek to make the administrator liable for delivering the corn, insisting that the purchasers, Buckham and Field, were not entitled to the corn, and could only recover the amount of money advanced on their purchase; that, as to this money, they occupied the position of a general creditor. If, by the terms of the contract, the title passed to the corn at the time of the sale, then the creditors can assert no claim as against the administrator; but without determining this question, it seems to us the personal representative should not be held responsible.

The particular corn *delivered* was the subject of the agreement between the parties. It had been placed in pens ready for delivery, and the sum of $2,233 advanced upon it by the purchasers. It was a contract, the violation of which subjected the estate of the intestate to damages, and it was with the personal representative, under the circumstances, to determine whether he would comply with the terms of sale by delivering the corn, or refuse to do so,

and thereby make the estate liable not only for the money advanced upon it, but for such damages as the purchaser would be entitled to recover for the breach of the agreement.

It was certainly not such a fixed or ascertained liability as that of an ordinary debt, but involved the question only as to whether the personal representative should comply with the agreement, or subject the estate to damages. If corn had advanced a dollar on the barrel, the creditor might then have been heard to complain of the failure of the administrator to execute the contract of his intestate. It is evident the appellee was not aware of the insolvency of the estate at the time he delivered the corn, and the only question really involved is, did the administrator act in good faith when executing the contract? This is not an ordinary demand, such as is contemplated by the statute, that, when discharged, must be done at the risk of the personal representative. So far as the estate is concerned, it not only involved the repayment of the moneys advanced, but damages for the non-delivery of the property purchased, and the administrator, exercising a discretion as to his duty, complied with the terms of the contract, and relieved the estate from a litigation that must have resulted in the assessment of damages against it, as well as a recovery of the principal sum advanced. He may have supposed that the title passed to the vendee, as is insisted by his counsel in argument here; but whether he did or not, his action was within the range of a discretion he had the right to exercise, and the creditors should not complain. An administrator is entitled to the presumption of good faith in the discharge of such duties as are not defined by statute, like any other trustee. Section 33 of chapter 39,

General Statutes, was not intended to compel the adminis-- trator to submit to an action for damages, for the purpose of settling such unliquidated demands as this, but it is his duty to do that which, in the exercise of a proper discre- tion, he thinks best for the interests of the estate.

Under the ancient rule with reference to the payment of debts, the liability of the administrator depended principally upon his good faith and vigilance in ascertaining their jus- tice; and in equity, when the personal representative acted in good faith and paid debts or claims when there was a deficiency of assets, he was entitled to relief. (Story's Equity Jurisprudence, vol. 1, page 95; 3 Dana, page 41.)

While the relief in such cases is now regulated by stat- ute, it by no means follows that in the class of cases before us all discretion is withheld from the personal representa- tive, and he is compelled to submit to the costs of expen- sive litigation in order to settle that which, as a prudent business man, he could determine without involving the estate in costs. The damages in this case may, and, doubt- less, under the proof, would not have been heavy against the estate; still, this court will not speculate on such a result, and when the administrator in good faith has com- plied with a contract made by his intestate for the delivery of property that had been paid for, and the breach of which would have resulted in damages and costs against his estate, the chancellor will not hold the personal representative re- sponsible when the entire proceeding shows that he acted in the best of faith. The claim of Matthias' executor was properly disregarded; the corn had been removed from the rented premises for several months, and the lien as to the creditors was gone. The judgment below in each case is affirmed.