CASE 51—INDICTMENT—SEPTEMBER 17.

# Commonwealth v. Blackwell.

APPEAL FROM WEBSTER CIRCUIT COURT.

IN INSTRUCTING THE JURY AS TO MANSLAUGHTER under an indictment for murder, the court should give the legal definition of the crime of manslaughter. It is not sufficient to instruct them that " if they have a reasonable doubt as to whether or not the killing was done with malice aforethought, they will find the defendant guilty of manslaughter."

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLANT.

The instructions, as given by the court, are crude in form and are wanting in the essentials of instructions for murder and manslaughter.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee was indicted in the Webster Circuit Court, charged with the crime of murdering—Bodord. The appellee was convicted of the crime of manslaughter; he does not appeal from the judgment of conviction, but the Commonwealth appeals in order to have this court rule upon the correctness of the third instruction, in reference to manslaughter. The court first, in proper form, instructed the jury as to the law of murder, and the proof clearly authorized that instruction. The court then gave

instruction No. 3, in reference to manslaughter. In that instruction the crime of manslaughter is not defined. The jury is told that "if they have a reasonable doubt as to whether or not the killing was done with malice afore-thought, they will find the defendant guilty of man-slaughter."

The instruction leaves the jury to determine, as matter of law, what is necessary to constitute the crime of man-slaughter, except they are told that malice is not an in-gredient thereof. The instruction is erroneous in not giving the jury the legal definition of the crime of man-slaughter.

This opinion is ordered to be certified.