## Potter v. Commonwealth.

(Decided February 21, 1911.)

### Appeal from Jefferson Circuit Court (Criminal Division).

Homicide—Trial—Conviction—Exceptions to Instructions.—On the trial of a defendant convicted of homicide the following instructions were given against the objection of the defendant:

"The words 'with malice,' as used in the instructions herein, denote a wrongful act intentionally done, and by the term 'aforethought,' as used in instruction No. 1, is meant a predetermination to do the act, however suddenly or recently formed in the mind, before the act is done."

"If the jury believe, from all the evidence to the exclusion of a reasonable doubt, that at the time and place, with the weapon, and in the manner set forth in instruction No. 1, the accused, Virgil Potter, did without malice, in sudden heat and passion, or in sudden af-

fray, where it was not in his own apparent necessary self-defense, kill and slay Romie Reed by striking and wounding him upon his head, body, arms, limbs or person of him the said Reed, with a hatchet, and from which striking and wounding the said Romie Reed did die within a year and a day thereafter they will find him in that case guilty of the crime of voluntary manslaughter, an offense included in the indictment, and may fix his punishment for a term in the penitentiary of not less than two years nor more than twenty-one years in the discretion of the jury."

"If the accused, Virgil Potter, struck and wounded Romie Reed in his apparent necessary self-defense, then the jury should find the accused not guilty, for the law allows, in the necessary self-defense, such means as are necessary, and in the selection and use of the means the accused was necessarily permitted to exercise his own judgment, and could act from appearances so that he acted reasonably; and if at the time the accused struck, wounded and killed Romie Reed, if he did so, he believed, and had reasonable grounds to believe, that he was in imminent danger of great bodily harm, whether it endangered life or not at the hands of said Romie Reed, unless he resorted to the means used, then the use of the means was justifiable, and the jury should find the accused not guilty." Held, upon full consideration we are of the opinion that the instructions fairly submitted to the jury the case of the Commonwealth, and the defense of the accused, and when this is done the ends of the law are satisfied.

EDWARDS, OGDEN & PEAK and WILLIAM H. SWEENEY for appellant.

JAMES BREATHITT, Attorney General, TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Appellant, Virgil Potter, was indicted, tried and convicted of the crime or murder in the Jefferson Circuit Court. He complains that the instructions given were prejudicial, and on this ground alone seeks a reversal. He admitted striking the blow which inflicted the wound resulting in the death of his victim, but he justified on the ground of self-defense. Of the instructions given, but three are complained of. They are those defining "malice aforethought," and the instructions on voluntary manslaughter and self-defense, and are as follows:

"The words 'with malice', as used in the instructions herein, denote a wrongful act, intentionally done, and by the term 'aforethought' as used in instruction No. 1, is meant a pre-determination to do the act, however sud-

denly or recently formed in the mind, before the act is
done.''

"If the jury believe from all the evidence to the ex-
clusion of a reasonable doubt, that at the time, place,
with the weapon, and in the manner set forth in instruc-
tion No. 1, the accused Virgil Potter did, without malice,
in sudden heat and passion, or in sudden affray, when
it was not in his own apparent necessary self-defense,
kill and slay Romie Reed by striking and wounding him
in and upon his head, body, arms, limbs or person of him
the said Romie Reed, with a hatchet and from which
striking and wounding the said Romie Reed did die
within a year and a day thereafter, they will find him in
that case guilty of the crime of voluntary manslaughter,
an offense included in the indictment, and may fix his
punishment for a term in the penitentiary of not less
than two years nor more than twenty-one years, in the
discretion of the jury.''

"If the accused Virgil Potter struck, wounded and
killed Romie Reed in his apparent necessary self-de-
fense, then the jury should find the accused not guilty.
For the law allows in the necessary self-defense such
means as are necessary, and in the selection and use of
the means, the accused was necessarily permitted to
exercise his own judgment, and could act from appear-
ances so that he acted reasonably; and if, at the time the
accused struck, wounded and killed Romie Reed, if he
did so, he believed and had reasonable grounds to
believe that he was in imminent danger of great bodily
harm, whether it endangered life or not, at the hands
of the said Romie Reed, unless he resorted to the means
used, then the use of the means was justifiable, and the
jury should find the accused not guilty.''

The objection to the instruction defining "malice
aforethought" is that the court failed to tell the jury
that the act, to constitute malice aforethought, must be
done without lawful excuse, according to a predetermin-
ed plan, no matter how recently or suddenly formed.
The instruction given, while not in the usual form, in
our opinion meets the requirements of the law.

In Clark v. Commonwealth, 111 Ky. 443, the phrase
"malice aforethought" is defined as "a predetermina-
tion to do the act of killing without legal excuse, and it
is immaterial how suddenly or recently before the kill-
ing such determination was formed.''

And in Bohannon v. Commonwealth, 71 Ky. 481, at 484, in condemning an instruction in which the definition of "malice aforethought" was given as "a predetermination to kill, however suddenly or recently formed in the mind of the person killing before the fatal act," the court said:

"If the plea of self-defense had not been relied on, and the sole effort of the appellant had been to reduce the killing from murder to manslaughter, this definition might not have been calculated to prejudice his rights; but standing as it does without any subsequent modification or explanation, it is in effect a determination by the court that killing in necessary self-defense of one's person or property may be killing with malice aforethought, and therefore legally murder. A killing to constitute murder must be done unlawfully, and unless it be unlawful it cannot have been done with malice aforethought, although it may have been predetermined."

There is a marked distinction between the instruction condemned and the one under consideration. There the court told the jury that it was "a predetermination to kill, etc.", without the addition of any qualifying or explanatory words. Here the jury is told that malice aforethought "denotes a wrongful act intentionally done, etc." If the act is wrongful, it is without "legal excuse," and as, under the instruction given, the jury had to find that the act of striking was wrongful before they could find it to be malicious, we are of opinion that, in the form given, this instruction was neither misleading nor prejudicial. The jury understood it as well as if the qualifying phrase "without legal excuse" had been substituted for the word "wrongful." Our conclusion in this particular is strengthened by the further fact that, in instruction No. 5, the court defined the word "feloniously" to mean "proceeding from an evil heart or purpose, done with the deliberate intention to commit a crime." When this definition is read in connection with the definition of the phrase "with malice aforethought," the jury, before they could find the accused guilty of murder, must have determined from the evidence that the blow producing the injury was struck, not only wrongfully, but "with a deliberate purpose to commit a crime."

The criticism of the other instructions is that they leave the jury to determine from the proof whether or

not there was apparent necessity for appellant to act, whereas, the jury should have been told that, if they believed from the evidence that appellant believed, or had reasonable ground to believe, that he was in danger, then he had a right to act, etc.  The principle contended for by appellant's counsel is well and firmly established by numerous decisions of this court upon this subject. But we think the instruction given, while not in the usual form, clearly conveyed this idea, and the latter part of the self-defense instruction so clearly states this law as to leave no room for doubt.

Upon full consideration, we are of opinion that the instructions fairly submitted to the jury the case of the Commonwealth and the defense of the accused, and when this is done the ends of the law are satisfied. Perceiving no error in the conduct of the trial prejudicial to the rights of appellant, the judgment is affirmed.