## Taylor v. Commonwealth.

(Decided November 10, 1916.)

## Appeal from Whitley Circuit Court.

1.  Criminal Law—Appeal and Error—Necessity of Objection—Change of Venue.—In a prosecution for murder, defendant's complaint of the change of venue cannot be considered where it appears from the order granting the change of venue asked by the Commonwealth that the defendant was present in court in person and by attorney and did not object, but agreed to the change of venue.

2.  Criminal Law—Witnesses—Impeachment of—Accused as Witness in Criminal Prosecution.—Where in a criminal prosecution, defendant testified in his own behalf, evidence introduced by the Commonwealth in rebuttal attacking his general character for veracity in the vicinity where he lived was properly admitted.

3.  Criminal Law—Appeal and Error—Necessity of Motion for Continuance.—In the absence of a showing by the record that a motion for a continuance was made and the grounds therefor presented, complaint that the trial court should have granted the continuance will not be considered on appeal.

4.  Criminal Law—Appeal and Error—Necessity of Exception—Limiting Argument.—In a prosecution for murder the alleged error of the trial court in limiting the argument to the jury to forty minutes on a side cannot be considered by that court as a ground for a new trial nor by the Court of Appeals as a ground for reversal, where it does not appear from the record that the court placed any limit on the argument, or that defendant asked for any given time or that he took an exception to any ruling of the court in the matter.

5.  Criminal Law—Appeal and Error—Necessity of Exceptions—Argument of Counsel.—Where neither the language of counsel constituting alleged improper remarks in argument to the jury was objected to nor the ruling of the court in permitting it was objected or excepted to at the time it was used and the ruling of the court thereon given, but was brought to the attention of the court for the first time in the motion and grounds for a new trial, the complaint of the action of the court in permitting such remarks will not be considered by the Court of Appeals.

6.  Criminal Law—Appeal and Error—Necessity of Objections—Proceedings at Trial.—Where the ruling of the court in permitting employed counsel to take charge of the trial and make the only argument to the jury for the Commonwealth, instead of the Commonwealth's attorney, who was present and able to do so, was not objected or excepted to during the trial, such ruling will not be considered by the Court of Appeals.

7.  Homicide—Trial—Instructions—Self Defense.—In a prosecution for murder, the giving of an instruction which, in effect, advised the jury that in order to excuse the killing upon the ground of

self defense, it was necessary for them to believe from the evidence not only that defendant believed it to be necessary to kill the deceased in order to protect himself from death or great bodily harm, but also that the necessity for the killing actually existed, was prejudicial error.

8. Homicide—Trial—Instructions—Manslaughter. — In a prosecution for murder an instruction advising the jury that in order to find defendant guilty of voluntary manslaughter they must believe from the evidence that the killing was done in sudden heat and passion and sudden affray, was erroneous, since if done either in sudden heat and passion or in a sudden affray the killing constituted voluntary manslaughter, if not done in the defendant's necessary or apparently necessary self defense.

9. Homicide—Trial—Instructions—Voluntary Manslaughter.—In a prosecution for murder, held that under the evidence the instruction on voluntary manslaughter should have advised the jury what would constitute such provocation as would be reasonably calculated to produce sudden heat of passion in the accused.

10. Homicide—Trial—Instructions.—In a prosecution for murder, instructions in form approved by the Court of Appeals stated and directed to be given on a subsequent trial.

W. R. HENRY and R. S. ROSE for appellant.

M. M. LOGAN, Attorney General; OVERTON S. HOGAN, Assistant Attorney General, and J. B. SNYDER for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant, J. H. Taylor, was tried in the Whitley circuit court under an indictment charging him with the murder of Frank Sumner. The jury by their verdict found him guilty of the crime charged and fixed his punishment at confinement in the penitentiary for life. This appeal is prosecuted by him from the judgment entered upon that verdict.

The killing occurred at night on August 6, 1915, at a colored school house near the city of Somerset in the county of Pulaski, and but a day or two before the primary election at which candidates for circuit judge, Commonwealth's attorney and perhaps other offices were nominated. Judge Bethurum and one Kennedy were contestants for the Republican nomination for the office of circuit judge. Appellant was a supporter of Bethurum and decedent of Kennedy. Bethurum was at the schoolhouse and made a speech on the occasion referred to, but his opponent, Kennedy, was absent. Speeches were also made by others at the meeting. Sumner seems to have been somewhat intoxicated and was

at times disorderly during the speaking, in announcing in a loud voice his preference of Kennedy in the race for nomination for circuit judge.

According to appellant's own testimony, while a colored orator was addressing the crowd he left his seat in the building, intending to go out into the yard, but upon getting just outside of the door stopped to hear an anecdote being related by the speaker. At that time the decedent was standing in or just outside of the door with his hands, or one of them, upon the frame of the door. Upon seeing appellant he said to him, "You are the son of a b—— that wrote those lies on Judge Jasper and had them published in the Somerset paper." Jasper was then or had been county judge of Pulaski county and the decedent was a tenant upon his farm. According to the further testimony of appellant, the decedent, in addition to the words stated, said to him, "Take your hand out of your pocket," or "Don't place your hands about your pockets. I am not scared of you." That the decedent then attempted to place his hand in one of his pockets and started toward him, whereupon he (appellant) drew his pistol and fired four shots at the decedent, only one of which entered the body of the decedent, who immediately fell and quickly died. It was admitted by the appellant on cross-examination that he carried to the speaking in his right front pants pocket the pistol with which the killing was done and that when he left the school house and went out into the yard he had his hand in that pocket and upon the pistol. He claimed, however, that he shot the decedent because he thought he was in danger of death or great bodily harm at his hands.

Several of the witnesses introduced for the Commonwealth testified that they heard the decedent charge appellant with the authorship of the publication attacking Judge Jasper and some of them heard him tell appellant to take his hand from his pocket, that he was not afraid of him, but they all testified that though the decedent removed his hands from the door framing, he did not put either of them in his pocket or attempt to do so at the time of the shooting and that he made no attempt to advance upon the appellant. No weapon was found upon the person of the decedent. It also appears from the evidence that appellant was unacquainted with the decedent prior to the shooting.

One of the grounds urged by the appellant for a reversal is that the trial court erred in changing the venue of the case from Pulaski to Whitley county. This complaint cannot be considered as it appears from the record that appellant agreed to the change of venue. This is shown by the following order:

"This day came the Commonwealth's attorney and produced and filed his petition, supported by affidavits of William Eller and G. P. Meyers and others, all of which were noted of record, and moved the court for a change of venue in the above styled prosecution to some county other than Pulaski or any county in the 29th Judicial District, and the court being advised and defendant being present in court in person and by attorney and not objecting and agreeing thereto, it is ordered and adjudged that the above styled cause be and the same is now transferred to Whitley County for trial, and the clerk of this court is ordered and directed to transmit all the original records in this prosecution, together with a copy of this order, to the clerk of the Whitley Circuit Court at once. . . ."

Obviously appellant cannot be permitted to repudiate the agreement thus made in open court.

Appellant also complains that the court erred in permitting from the Commonwealth, through certain witnesses introduced for that purpose, an attack upon his character for veracity. This complaint is also without merit. As appellant testified in his own behalf, the evidence of the Commonwealth referred to, introduced in rebuttal, was properly admitted. In the recent case of Bennett v. Commonwealth, 171 Ky. 63, in passing upon the admissibility of such evidence, we said:

"Where the defendant in a criminal prosecution does not testify as a witness in the case, as allowed by section 223, Criminal Code, evidence attacking his veracity is not admissible; nor will evidence attacking his moral character be admissible when he has not testified as a witness, unless he has first introduced other witnesses to show his moral character to be good. Hansford v. Commonwealth, 170 Ky. 700. Where, however, the defendant testifies as a witness in his own behalf, he is then to be treated as any other witness and his general moral character, as well as his character for truth and veracity, may be put in issue, i. e., attacked, by the Commonwealth; although particular acts, whether good or

bad, cannot be proved. 2 Roberson's Ky. Crim. Law & Procedure, section 972; Trusty v. Commonwealth, 19 R. 706; McDonald v. Commonwealth, 80 Ky. 10; Lockard v. Commonwealth, 87 Ky. 201; Pace v. Commonwealth, 89 Ky. 204. As in this case appellant testified in his own behalf, the Commonwealth was properly allowed to introduce in rebuttal for the sole purpose of impeaching and discrediting him as a witness, the evidence showing his bad moral character and want of veracity.''

The only inquiry made was as to the reputation of the appellant for truth and veracity in the community where he lived.

Appellant also complains that the trial court should have granted him a continuance of the case. The record fails to show that he made a motion for a continuance but does show that he announced himself ready for trial when the case was called. In the absence of a showing by the record that such a motion was made, and the grounds therefor, this complaint will not be considered.

He also makes the complaint that the trial court erred in limiting the argument to the jury to forty minutes on a side; but it appears from the record that this alleged error was first brought to the attention of the circuit court in the motion and grounds for a new trial, for which reason it could not have been considered by that court as an available ground for a new trial and cannot be regarded by this court as a ground for reversing the judgment appealed from. In order for it to be available for either of these purposes the error, if committed as alleged, must have been excepted to by the accused at the time of its commission, which was not done. The record of the trial nowhere shows that the court placed any limit upon the argument, or that appellant asked for any given time to argue the case, or that he took an exception to any ruling of the court in the matter of limiting the argument or refusing further time for argument. For the above reasons the complaint will not be considered by us.

What has been said of the complaint last mentioned applies with equal force to that of appellant in regard to a further alleged error of the trial court in permitting certain alleged improper remarks from counsel for the Commonwealth in argument to the jury. As neither the language of the counsel objected to nor the ruling of the

court in permitting it was objected or excepted to by appellant at the time it was made and the ruling of the court thereon given, but was brought to the attention of that court for the first time in the motion and grounds for a new trial, the complaint cannot now be considered by us.

It is further insisted for the appellant that the circuit court erred in permitting employed counsel to take charge of and conduct the trial and make the final and only argument for the Commonwealth to the jury, instead of the Commonwealth's attorney, who was present and able to do so. As the ruling of the court constituting this alleged error was not objected nor excepted to during the trial and was first presented in the motion and grounds for a new trial, it cannot now be urged by appellant for a reversal of the judgment and will not, therefore, be considered by us.

Appellant's final complaint is that the court erred in instructing the jury and in failing to give all the law of the case. Instruction No. 1 is as follows:

"If you believe from the evidence beyond a reasonable doubt, that the defendant, J. H. Taylor, in Pulaski County, Kentucky, and before the finding of the indictment in this case, unlawfully, wilfully, feloniously and with his malice aforethought, shot, with a pistol, a deadly weapon, loaded with powder and leaden balls and other hard and explosive substances, at and killed the deceased Frank Sumner at a time when it was not necessary and was not believed by the defendant Taylor in the exercise of a reasonable judgment to be necessary to so shoot and kill the said Sumner in order to protect himself from death or some serious bodily harm, then you will find the defendant Taylor guilty of the crime of 'wilful murder' as charged in the indictment and fix his punishment at death or by confinement in the State Penitentiary for life, in your discretion according to the proof."

This instruction, in effect, erroneously authorized the jury to find appellant guilty of murder if they believed from the evidence beyond a reasonable doubt that he unlawfully, wilfully, feloniously and with malice aforethought shot and killed the deceased, unless the killing was necessary *and* was believed by appellant in the exercise of a reasonable judgment to be necessary, in order to protect himself from death or serious bodily

harm at the hands of deceased. In other words, it advised the jury that in order to excuse the killing upon the ground of self-defense, it was necessary for them to believe from the evidence not only that appellant in the exercise of a reasonable judgment believed it to be necessary to shoot and kill the deceased in order to protect himself from death or great bodily harm, but also that the necessity for the killing actually existed. It will be observed that the error in the instruction is caused by the use of the copulative conjunction *and* indicated in italics above when the disjunctive *or* should have been the word used. The instruction is in conflict with the law as held in this jurisdiction. Carnes v. Commonwealth, 146 Ky. 428; Potter v. Commonwealth, 142 Ky. 381; Austin v. Commonwealth, 28 R. 1087; Deacon v. Commonwealth, 162 Ky. 196; Gordon v. Commonwealth, 136 Ky. 508; Keeton v. Commonwealth, 32 R. 1164.

Instruction No. 2 is as follows:

"If you believe from the evidence beyond a reasonable doubt that the defendant, J. H. Taylor, in Pulaski County and before the finding of the indictment in this case, unlawfully, wilfully and feloniously, but in sudden heat and passion and sudden affray, and without previous malice, shot with a pistol, a deadly weapon loaded with powder and leaden balls and other hard and explosive substances, at and killed the deceased, Frank Sumner, at a time when it was not necessary and was not believed by the defendant Taylor in the exercise of a reasonable judgment to be necessary to so shoot and kill the said Sumner in order to protect himself from death or some serious bodily harm, then you will find the defendant guilty of the crime of 'voluntary manslaughter,' included in the charge in the indictment, and fix his punishment at confinement in the State Penitentiary for an indeterminate period of not less than two years and not more than 21 years, and you will say in your verdict the shortest period and the longest period that he shall be required to serve."

This instruction erroneously states the law in two particulars; first, in advising the jury that in order to find appellant guilty of voluntary manslaughter they must believe from the evidence beyond a reasonable doubt that the killing was done unlawfully, wilfully, and feloniously, in sudden heat and passion *and* sudden af-

fray, "at a time when it was not necessary *and* was not believed by the defendant Taylor in the exercise of a reasonable judgment to be necessary" in order to protect himself from death or serious bodily harm at the hands of deceased. It will be observed that the error in this instruction first mentioned consists in its requiring the jury, in order to reduce appellant's crime from murder to voluntary manslaughter, to believe that the killing must have been done both in sudden heat and passion and sudden affray, when if done either in sudden heat and passion *or* in a sudden affray, the killing constituted voluntary manslaughter, if not done by appellant in his necessary or apparently necessary self-defense.

The second error is the same that appears in instruction No. 1, previously referred to, and arises out of the use of the word *and* when *or* should have been the word employed. It has been more than once held in this jurisdiction that where an apt and proper instruction on self-defense is given it is not error to omit from an instruction defining murder or voluntary manslaughter the qualifying statement as to the law of self-defense attempted to be set forth in instructions 1 and 2 in this case. Miller v. Commonwealth, 163 Ky. 246; Catron v. Commonwealth, 140 Ky. 61; Hoskins v. Commonwealth, 152 Ky. 805. But where the phrase is as here inserted in such erroneous language as to conflict with the law contained in a separate instruction on the right of self-defense and by reason thereof calculated to mislead the jury, it constitutes error prejudicial to the substantial rights of the defendant. In view of the peculiar facts of this case instruction No. 2 should have advised the jury what would constitute such provocation as would be reasonably calculated to produce sudden heat of passion in the appellant. According to the testimony of the appellant, he was assailed by the deceased with a very offensive epithet, denounced for writing and publishing lies on Judge Jasper, offensively commanded to take his hands out of his pockets and told that deceased was not afraid of him. As this testimony, together with that of appellant that the deceased advanced upon him with his hand in his pocket, all properly went to and was considered by the jury, they should, we think, have been permitted to determine, under a proper instruction, whether, under the circumstances, they constituted such provoca-

tion as would adequately negative malice and reduce the homicide from murder to voluntary manslaughter, and the failure of the court to give such an instruction was prejudicial error.

The instructions, other than those above referred to, are not objected to by appellant, but the judgment appealed from must be reversed on account of the errors indicated in instructions 1 and 2, in view of which and the difficulty under which the trial court seemed to have labored in stating the law on the former trial, we direct the giving on another trial of the following instructions:

1. If you believe from the evidence beyond a reasonable doubt that the defendant, J. H. Taylor, in Pulaski county, and before the finding of the indictment, did wilfully, feloniously and of his malice aforethought, not in his necessary or reasonably apparent necessary self-defense, shoot and kill Frank Sumner, you should find him guilty of wilful murder as charged in the indictment and fix his punishment at death or at confinement in the state penitentiary for life, in your discretion.

2. Or if you shall not believe from the evidence beyond a reasonable doubt that the defendant, J. H. Taylor, has been proven guilty of murder as defined in instruction No. 1 above, but shall believe from the evidence beyond a reasonable doubt that he did, in Pulaski county, and before the finding of the indictment, without previous malice and not in his necessary or reasonably apparent necessary self-defense, but in a sudden affray or in sudden heat and passion, upon a provocation reasonably calculated to excite his passions beyond the power of his control, shoot and kill Frank Sumner, you should in that event find him guilty of voluntary manslaughter and fix his punishment at confinement in the state penitentiary for an indeterminate period of not less than two years nor more than twenty-one years, and state in your verdict the minimum and maximum period that he shall be so confined.

3. If you shall believe from the evidence beyond a reasonable doubt that the defendant has been proven guilty either of wilful murder, as defined by instruction No. 1 above, or of voluntary manslaughter, as defined by instruction No. 2 above, but shall have a reasonable doubt from all the evidence as to whether the defendant be guilty of wilful murder or of voluntary manslaughter,

then it will be your duty to find him guilty of the lower offense, voluntary manslaughter.

4. The words "wilful" and "wilfully" as used in these instructions mean intentional, not accidental or voluntary. The word "feloniously" as used in these instructions means proceeding from an evil heart or purpose, done with a deliberate intention of committing a crime. The words "malice aforethought," as used in these instructions, mean a pre-determination to commit the act of killing without legal excuse, and it is immaterial at what time before the killing such a determination was formed.

5. If you believe from the evidence that at the time the defendant, J. H. Taylor, shot and killed Frank Sumner, if he did so do, he believed and had reasonable grounds to believe that he was then and there in immediate danger of death or the infliction of some great bodily harm at the hands of Sumner, and that it was necessary or was believed by the defendant in the exercise of a reasonable judgment to be necessary to so shoot and kill the deceased in order to avert that danger, real or to the defendant apparent, then you ought to acquit the defendant upon the ground of self-defense or apparent necessity therefor.

6. The law presumes the defendant innocent until his guilt has been proven beyond a reasonable doubt, and if upon the whole case you have a reasonable doubt from all of the evidence of the defendant having been proven guilty by the evidence, then you ought to find him not guilty.

Because of error in the instructions the judgment is reversed and cause remanded for a new trial consistent with the opinion.