## Golden v. Commonwealth.

(Decided Sept. 27, 1932.)

M. G. COLSON for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Steve Golden, together with Ed Philpot and Ed Brock, was indicted by the grand jury of Bell county for assault with intent to rob, and also for a conspiracy to rob, Walter Parsons. On motion of the commonwealth's attorney, a change of venue was granted the commonwealth, and the case was transferred to the Laurel circuit court. The trial there resulted in a verdict and judgment fixing Golden's punishment at five years' imprisonment. He appeals.

The contention that the evidence was not sufficient either to take the case to the jury, or to sustain the verdict, requires a brief statement of the facts. At the time of the commission of the alleged offense, Walter Parsons operated a lunchroom and filling station at Blackmont, in Bell county. Blackmont is about 16 miles from Pineville on the highway between Pineville and Harlan. About 10 o'clock p. m. on March 21, 1931, two men, who were identified as Ed Philpot and Creed Collet, entered, or attempted to enter, the lunchroom with drawn revolvers and sacks over their heads, one of them saying, "All right, hand it over." The only occupants of the lunchroom at the time were Walter Parsons and Hubert Reeder. Resistance was offered by them, and Creed Collet, who accompanied Philpot, was killed. Appellant, who operated a taxi, was seen by numerous persons in Pineville between 7:30 and 8:30 o'clock in company with Brock, Philpot, and Col-

let. About 8:30 they were seen by a policeman of Pineville leaving Pineville and going toward Harlan in appellant's car. Hubert Reeder, who was in the lunchroom with Parsons, saw the car drive back and forth in front of the filling station several times just before Collet and Philpot attempted the robbery. Several witnesses saw a car parked about 75 yards from the filling station prior to the attempted robbery. This car they identified as belonging to appellant, and some of them say that they saw appellant standing beside the car. Mrs. Grace Parsons, who lived across the highway from the filling station, ran out of her home when she heard the report of the pistols, and saw a man run down the highway and enter an automobile that was parked about 50 or 75 yards from the filling station. This car immediately drove off in the direction of Pineville. Appellant, Brock, and Philpot were seen together in Pineville at the Terminal Hotel about 10:30 the same night, and also at the Bus Terminal at about 11 or 11:15 o'clock. This evidence stands uncontradicted, and it is impossible to reach the conclusion that appellant acted only in the capacity of a taxi driver in conveying his companions to the scene of the attempted robbery. His association with them before they left Pineville, his carrying them to the scene of the crime, his conduct in driving his car by the filling station several times just before the robbery was attempted, and his having his car parked nearby at the time the shooting began, together with the fact that after the shooting he left immediately for Pineville, was there seen in company with Philpot and Brock after the robbery had been attempted and numerous pistol shots had been fired, were sufficient, we think, to authorize the finding of the jury that he was a party to the conspiracy to go to the filling station and rob Parsons.

Another ground on which a reversal is asked is that "all of his objections and exceptions taken and shown in the transcript of evidence in this case were erroneously overruled, and same defeats his substantial rights." Before this court will reverse for errors in the admission or rejection of evidence, the particular evidence complained of must be brought to the attention of the court. A mere general invitation to search the record in order to ascertain whether any evidence was improperly received or rejected is not sufficient.

Mullett v. Commonwealth, 233 Ky. 785, 26 S. W. (2d) 46.

In addition to other instructions not necessary to notice, the court gave two instructions; one on conspiracy, and the other on aiding and abetting. Error is predicated on the omission from these instructions of the word "feloniously." "Feloniously" means proceeding from an evil heart or purpose, done with a deliberate intention of committing a crime. Taylor v. Commonwealth, 172 Ky. 136, 188 S. W. 1087. We have frequently ruled that the failure to use the word "feloniously" in an instruction on murder was not prejudicial error. Frazier v. Commonwealth, 194 Ky. 240, 238 S. W. 769; Rains v. Commonwealth, 226 Ky. 173, 10 S. W. (2d) 643. There is no contention in this case that appellant and his companions went to the lunchroom for an innocent purpose, or that his companions engaged merely in a simple assault. On the contrary, the uncontradicted evidence makes it clear that they went to the scene of the crime for the purpose of robbery. In the very nature of things, one cannot conspire with others to commit a robbery, or act as aider and abettor in an attempt at robbery, without an evil heart or purpose, or a deliberate intention of committing a crime. As all the other elements constituting a conspiracy to rob, or the aiding and abetting of another in an assault with an offensive weapon with intention to rob, were fully covered by the given instructions, we conclude that the omission of the word "feloniously" from the instructions was not prejudicial error.

Judgment affirmed.