# Payne v. Commonwealth.

Feb. 20, 1942.

J. Milton Luker for appellant.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

The grand jury of Knox County returned a true bill charging appellant with the crime of voluntary man-

slaughter, alleging that Payne wilfully and feloniously, in sudden affray, etc., without malice, struck one Glenn Helton with his fist, hands and feet, causing him to fall and strike the pavement with such violence as to cause his death. A demurrer to the indictment was overruled with exception.

Upon trial appellant was found guilty; penalty was fixed at two years confinement. On appeal it is contended that the court erred: (a) in overruling the demurrer to the indictment; (b) in giving instructions; (c) that the evidence was insufficient to support the charge, and fatal variance between the indictment and the instructions.

Point (c) requires a brief statement of the facts. On a Sunday afternoon, of January, 1940, Payne and a boy named Hall went to a restaurant near Barbourville on Highway No. 25 E. After eating sandwiches, the two started back to the city. Helton had been to the home of Lewis Hignite, and had been drinking in company with Hignite and others present. Later some of the party, including Helton, left the Hignite home, and met up with other persons and continued drinking.

On the highway, and going in the direction of Barbourville, they stopped at a filling station where Payne and his companion were. Helton asked Payne and Hall "about some liquor," Payne replying that they had none; other remarks passed between the parties, who, as the record shows, had been on friendly terms. Helton then undertook to search Payne and Hall, and apparently became angered because he found no liquor and pushed Helton away from him, and some blows were exchanged with hands or fists.

During this exchange Helton was knocked down by a blow from appellant's fist, and appellant turned and walked away. Shortly thereafter persons who came to the place where Helton was lying, found him almost dead. So much of the testimony recited above is taken from appellant's version, and is corroborated by others who saw the difficulty. There was also some evidence that Helton had one of his hands in his pocket.

One witness, who was not a member of either party, observed the difficulty. He did not see the attempt at search, but saw Helton slap Payne, and Payne hit Helton on the jaw, knocking him down on the surface of the

black top road. After Helton fell Payne walked up to him and kicked him, though not about the head. At no time did witness see Helton reach in his pocket.

Other witnesses, who were not of the party, testified about the same way, except that some say that Payne first struck Helton and staggered him. Others say that after Helton was down, appellant struck him with his fist and kicked him. One witness tells of examining Helton after he was carried down to a filling station nearby, but this witness does not describe any wounds. He only "felt his pulse," and said he thought he was still alive. The only witness on this point was Dr. Clifton, who said he examined the body of Helton after death, found no external wounds or marks, and made pictures which developed no broken bones. The physician said he was unable to state the cause of death, but thought it possible to have resulted from heart failure. Appellant at close of prosecution's testimony made motion for a peremptory instruction, which was renewed following the closing; both were overruled.

Counsel's first complaint is that the indictment was defective because it failed to state that the act was committed by the use of a deadly weapon, but with "hands, fists and feet," which are not in law recognized as being per se deadly weapons. Thomas v. Com., Ky., 86 S. W. 694, cited in McIntosh v. Com., 275 Ky. 126, 120 S. W. (2d) 1031. Several of the cases cited in this case, wherein we were considering quality of instructions, related to an assault with a deadly weapon with intent to kill, etc., as denounced in Kentucky Statutes, Section 1166. In the case of Landrum v. Com., 266 Ky. 655, 99 S. W. (2d) 787, 788, we said:

"There is no statute, nor any law so far as we are aware, which exempts one from punishment for committing a * * * homicide when not committed with such a deadly weapon as is contemplated by the section of the statute referred to. If homicide results from an intentionally committed unlawful act on the part of the one guilty of it he is punishable regardless of the means and manner by which he brought it about."

A reading of this opinion should convince one that an indictment charging homicide need not necessarily charge that it was committed by the use of a deadly

weapon. We clearly pointed out the distinction between cases involving a violation of Kentucky Statutes, Section 1166, and in such as charged homicide, making particular reference to Maulding v. Com., 172 Ky. 370, 189 S. W. 251; Conley v. Com., 225 Ky. 275, 8 S. W. (2d) 415, and Payne v. Com., 255 Ky. 533, 75 S. W. (2d) 14. The Maulding case, as far as the facts relating to the manner of inflicting the wounds, with fists and feet, or perhaps with rocks or clubs, closely resembles the instant case.

The Landrum case is conclusive on two other points advanced by appellant as being prejudicial and reversible errors, that is, the claimed variance between the indictment and instruction, and that instruction No. 1 was faulty in failing to charge that the homicide must have been committed with a deadly weapon, or that the hands and fists, as employed, were used under such circumstances and in such manner as would be calculated to produce death or great bodily injury. In this case we were dealing with a similar instruction which was objected to because the instruction did not define a ''deadly weapon, within the meaning of the law.''

We wrote in answer to insistent contention that the instruction was lacking in essentials:

"Such a defining instruction, however, is not required where death results from the intentional wounding, thereby converting the crime into one of homicide and not one created by and punishable under the statute."

Citing cases and calling attention to the fact that the Maulding case, supra, specifically overruled the Thomas case in this particular, and in which latter we said:

"On this issue the material inquiry in every case is whether or not the killing was done with * * * intent to kill, and not the manner by or through which it was done, or whether the implements used were deadly weapons or not."

In the light of the principles laid down in the Landrum case we conclude that the court did not commit error in the respects about which appellant complains. It is argued that the court erred in failing to give an instruction on assault and battery, a misdemeanor punishable by a fine or jail sentence, or both. This is, perhaps, based on the idea as indicated, that the indictment did

not properly charge the crime of voluntary manslaughter. Assault and battery is not a degree of the offense of homicide. Criminal Code of Practice, Section 263. If appellant had been charged under Kentucky Statutes, Section 1166 with malicious wounding, the facts justifying, the court would have been authorized to instruct on assault and battery. Here the charge was voluntary manslaughter, and we cannot escape the conclusion that Helton's death ensued because of the assault made on him by accused. We wrote in Barnard v. Com., 94 Ky. 285, 22 S. W. 219, that while the evidence tended to show only a common assault, an instruction on that offense should have been given on an indictment charging assault with intent to rob, and further said:

> "Here the crime of assaulting with intent to rob cannot be made out without establishing an assault, or assault and battery, with such intent; and, if the assault is committed without the additional circumstance of an intention to rob, then the assault is but a mere misdemeanor. But the intent to rob, and a conviction for it, absorb the misdemeanor into the higher crime of felony; so, likewise, the higher crime of murder absorbs the offense of the mere assault and battery. But if the murder be not established the party may be punished for the assault and battery * * *." Murphy v. Com., 255 Ky. 676, 75 S. W. (2d) 341.

In the instant case the court gave a self-defense instruction, all proper reasonable doubt instructions; one on involuntary manslaughter, a misdemeanor, under which the jury might have in their discretion inflicted a jail sentence or fine, or both, if concluding that the striking with fist was without intention to kill or inflict serious injury, and since the jury did not convict under this instruction it could hardly be conceived that an instruction on assault would have helped appellant. After all the one given on involuntary manslaughter, omitting the effect of the assault, does not differ materially from the approved instruction on common assault.

The final contentions that the court should have sustained the motion for peremptory, and the verdict was contrary to the evidence, may be discussed together. From our recitation of the proof, which is mainly taken from appellant's evidence, there can be little doubt but that there was sufficient proof to justify submission.

The chief argument is that the commonwealth, having the burden, failed to prove that Helton's death resulted "from the blow delivered by appellant." This contention, according to appellant's counsel, is fortified by the testimony of Dr. Clifton.

The examination of the doctor was less than perfunctory. He merely said that he discovered no marks or wounds on the body. This evidence is neither persausive nor conclusive on the jury. Here the uncontradicted proof is that Payne delivered a blow which he says knocked Helton down. He fell backward, his head striking on the surface of the "black top" road; Payne and his friends walking away under the belief that Helton was merely "knocked out." There is no showing that Helton regained consciousness after falling. He was carried to a nearby gas station, and shortly thereafter died. There were no intervening causes. It is true that corpus delicti consists of two essential elements; first the death of the person, and second the existence of some criminal agency causing the death. The latter must be established by satisfactory evidence, and this evidence may be circumstantial. Powell v. Com., 276 Ky. 234, 123 S. W. (2d) 279. There must be established such circumstances as from which the jury may draw a reasonable inference that a crime has been committed. Blankenship v. Com., 228 Ky. 830, 16 S. W. (2d) 478.

The facts and circumstances in the instant case sufficiently show that the moving cause of Helton's death was the blow delivered by the hand or fist of accused. On the whole case we conclude that there was no error on the trial which deprived appellant of any substantial right.

Judgment affirmed.