## Adkins v. Commonwealth.

Feb. 19, 1943.

M. F. Patrick for appellant.

Hubert Meredith, Attorney General, and Frank A. Logan, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

Ernest Adkins appeals from a conviction of manslaughter, with a penalty of six years imprisonment, for the killing of Russell Ward. The case is unusual in that there is no contradiction as to the substantial and essential facts.

Adkins and his cousin, Edward Cooper, young men of Magoffin County, went to Paintsville on January 3, 1941, and that evening to what is called "Club Royal" in the edge of the city. They were invited into a room, apparently adjoining the main one, by the proprietor, Orien Salyer, or his wife, and sat there by the fire talking to them and others. They had had nothing intoxicating to drink and were quiet and orderly.

Russell Ward had been a deputy constable in a dis-

trict of Johnson County other than that in which the "Club Royal" was located, but his term had expired on December 31. He had been elected constable for the term beginning January 1, but had never qualified. Ward invited Wallace Fraley and Arnett Daniel to drive out to this place with him. Fraley and Daniel admitted they had been drinking, but content themselves with saying they had not seen Ward indulging. It is probable, however, from the testimony of another witness, that he was under the influence of intoxicating liquor to some extent. At least he was "drunk with power" by reason of his assumed office of constable. This party and some other men also entered the room where Adkins and Cooper were sitting by the fire. The latter were then drinking some beer, the first of the day. Ward asked Fraley who these men were, said they were drunk, and that he was going to put them in jail. He went over to Cooper with a pistol drawn, and accompanied the announcement of his purpose with grabbing and striking Cooper with his fist. Cooper asked what he had done or why he was being taken to jail, and Ward responded, with an oath, that it made no difference. Cooper asked him to show his badge and said he would go with him. Ward then viciously struck him on the side of his head twice with his pistol. Cooper went down on his knees, and, while Ward was stooping over him with his pistol pointed at him, Adkins shot Ward, as he said, in order to save his cousin's life.

The right to take a human life in one's self-defense, or apparently necessary self-defense, extends to acting in defense of another under the same circumstances; so facts which will excuse a killing in defense of self likewise will excuse a killing in defense of another, for it is a general rule that whatever a person may lawfully do for himself he may lawfully do for another. The undisputed facts in this case show not only an apparent but real danger of Cooper suffering death or great bodily harm at the hands of Ward and that he had done nothing to provoke the vicious and unwarranted assault. It is seldom that a verdict of acquittal in a homicide case should be directed, especially where the defendant admits the killing or it is clearly proved that he did so because of the necessity of a defendant, as a practical matter establishing a legal excuse or justification, although theoretically the burden of proving that the homicide

was without such excuse or justification remains to the end on the prosecution. In this case all the witnesses for the Commonwealth sustained the contentions of the defendant and witnesses introduced in his behalf that the homicide was excusable. Under either view as to the burden, we are of opinion that the court should have peremptorily instructed the jury to find the defendant not guilty. Privitt v. Commonwealth, 271 Ky. 665, 113 S. W. (2d) 49.

Judgment reversed.