## DURHAM v. COMMONWEALTH.

Court of Appeals of Kentucky.
March 21, 1952.

Rehearing Denied May 30, 1952.

James G. Begley, and Jackson & Begley, all of Danville, for appellant.

A. E. Funk, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., for appellee.

SIMS, Justice.

George Spillman Durham was tried under an indictment which charged him with the willful murder of Clarence Belcher. He was convicted of voluntary manslaughter and his punishment fixed at imprisonment in the penitentiary for 11 years. In seeking to reverse the judgment he insists the court erred: 1. In omitting from the voluntary manslaughter instruction the phrase "upon provocation reasonably calculated to excite passion beyond control"; 2. in failing to instruct upon defense of habitation.

Durham operated a taxicab business in the City of Danville. His office was in a small basement, 8 feet by 12 feet, reached by several steps leading to a landing, then several more steps from that landing to another landing in front of the door of the room.

About 6:30 p. m., on Saturday, May 20, 1950, Belcher, accompanied by Charles Cook, went to appellant's office and accused him of taking a diamond ring and a television camera from a box Belcher had left in Durham's office. Durham denied the box was opened in his place of business or that he got the articles mentioned, and when Belcher grabbed him around the neck and pulled him to the door, he stabbed Belcher. Durham saw he had inflicted a serious wound and immediately took Belcher to the hospital in one of his cabs. At the hospital Belcher died before medical aid could be given him.

It was not denied Belcher was drinking or that Durham was opening mail and counting money seated at his desk behind a railing separating the desk from the rest of the room when Belcher entered the room, if he actually did enter it. The proof is conflicting as to whether Belcher entered the room or just came to the door. However for the sake of argument, we will accept Durham's version of the difficulty that Belcher entered his office as far as the railing, grabbed him around the neck and pulled him to the door, where Durham stabbed him with a knife taken from the desk and used in opening mail. Likewise, we will accept as true the testimony of Durham and his wife that he ordered Belcher out of his office four or five times while the latter was accusing Durham of opening the box and taking the ring and camera therefrom.

The first instruction was the usual one covering murder. The second was the customary voluntary manslaughter instruc-

tion and told the jury if it believed Durham stabbed and killed Belcher "in sudden affray or in sudden heat of passion", then to find him guilty of voluntary manslaughter. Complaint is made that the words "upon provocation ordinarily calculated to excite passion beyond control" should have followed the phrase "sudden heat of passion", and it was prejudicial ·to appellant to omit them. As we see it, the instruction as given was more favorable to appellant than he was entitled to, since it permitted the jury to convict him of voluntary manslaughter and not murder if he stabbed deceased in sudden heat of passion although there was no provocation for that passion. Although it is much better form to include the "provocation" phrase in the voluntary manslaughter instruction, we have approved such an instruction with this phrase omitted. Thurman v. Com., 142 Ky. 347, 134 S.W. 174, 176; Taylor v. Com., 283 Ky. 804, 143 S.W.2d 520; Cooksey v. Com., 235 Ky. 454, 31 S.W.2d 703.

■ Counsel for appellant in their brief cite Com. v. Blackwell, 93 Ky. 309, 20 S.W. 199; Taylor v. Com., 172 Ky. 136, 188 S.W. 1087; Shipp v. Com., 124 Ky. 643, 99 S.W. 945, 10 L.R.A.,N.S., 335; Taylor v. Com., 262 Ky. 126, 89 S.W.2d 630; Martin v. Com., 25 Ky. Law Rep.1928, 78 S.W. 1104; Crockett v. Com., 100 Ky. 382, 38 S.W. 674; Robertson's Criminal Law & Procedure, (2nd Ed.) p. 713. An examination of these authorities shows it is prejudicial error to omit from a voluntary manslaughter instruction the elements of sudden affray and sudden heat of passion, but none of them say it is reversible error to omit the "provocation" phrase. This phrase modifies and explains when sudden heat of passion will reduce murder to manslaughter. As just stated above, if there is no provocation for the sudden heat of passion, it is difficult to see how murder could be reduced to manslaughter. For instance, a man could not purposely inflict a wound upon himself to produce sudden heat of passion, nor could he without provocation fly into a rage, kill someone and then expect the crime of murder to be reduced to voluntary manslaughter.

■ There is no merit in appellant's contention that he was entitled to an instruction embodying his right to eject deceased from his office and to use such force as was reasonably necessary to do so, short of inflicting great bodily harm on him, and if in so doing appellant believed, and had reasonable ground to believe, he was in danger of death or great bodily harm at the hands of deceased, then he had the right to use such force as he believed, and had reasonable grounds to believe, was necessary to protect himself, even to taking the life of deceased. Such an instruction has been given many times. Stephens v. Com., 295 Ky. 542, 175 S.W.2d 5; Sawyer v. Com., 227 Ky. 435, 13 S.W.2d 267; Noe v. Com., 227 Ky. 578, 13 S.W.2d 763. However, in these authorities the facts showed accused was attempting to prevent deceased from entering his premises, or else ejecting him therefrom, when the killing occurred.

In the case at bar Durham does not claim he was attempting to eject Belcher from his office when the difficulty arose. His testimony is that Belcher grabbed him around the neck, ran his hand in his pants pocket, whereupon appellant told Belcher four or five times to leave the premises; that Belcher refused to leave, retained his hold upon appellant, dragged him to the door and there appellant stabbed Belcher in self-defense. In the circumstances the usual self-defense instruction, which was given, presented appellant's full defense to the jury. Gargotto v. Isenberg, 244 Ky. 493, 51 S.W.2d 443; Adams v. Com., 292 Ky. 786, 168 S.W.2d 40; Stacey v. Com., 189 Ky. 402, 225 S.W. 37, 25 A.L.R. 490.

■ The evidence for the Commonwealth conflicts with that for the defense as to Belcher grabbing Durham around the neck and pulling him to the door. The witnesses for the Commonwealth testified to the effect that Belcher did not enter the room beyond the door, and when Durham came over to him Belcher merely laid his hand on Durham's shoulder saying, "No hard feelings, Buddy". It was for the jury to say whether appellant acted in self-defense or whether the stabbing was done in

sudden heat of passion and not in self-defense, and to fix the punishment. One cannot help from having sympathy for appellant who was in his own office, attending to his business when a drunk entered, accused him of larceny and laid hands on him. Personally, the writer of this opinion, thinks in the circumstances presented in this record the punishment is much too severe and the minimum penalty of two years would have been more appropriate. However, the jury and not this court pass upon the guilt of the accused and fix the penalty.

Perceiving no error in the record prejudicial to appellant's substantial rights, the judgment is affirmed.