**Cord WHITE, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 18, 1960.

Marcus Mann, Ben Mann, Salyersville, for appellant.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Cord White, Jr., having been indicted and tried on a charge of wilful murder, was convicted of the lesser offense of voluntary manslaughter and sentenced to 10 years' imprisonment. The principal grounds of his appeal are that (1) the cause of death was shown by incompetent, nonexpert opinion evidence, but for which there was no proof of the corpus delicti and he would have been entitled to a directed verdict, (2) the instructions did not properly define the offense of voluntary manslaughter, and (3) the instructions did not sufficiently submit his rights under the theory that he was seeking to defend his brother from an assault. Both of the latter objections are well

taken, for which reason the conviction must be set aside.

The tragedy climaxed what had begun as a friendly drinking spree and ended in a drunken brawl. All of the principals were well saturated. Appellant's brother, a 145-pounder, was locked in combat on the ground with one Ernest Turner, who outweighed him considerably. The deceased, Graden Jett, who weighed 205 pounds, made as if to enter or intervene in the fray. Appellant warned him to stay out of it. His story is that the deceased nevertheless began choking appellant's brother, whereupon the appellant (who weighed 155 pounds) felled the deceased with one blow. He denies that he struck or touched the deceased again. Another witness, however, testified that after the deceased was down appellant struck him twice more in the face with his fist. The deceased never got up. There is no evidence that he was subjected to any violence except for the blow or blows struck by the appellant. All present thought he was either knocked out or passed out, but when an attempt was made some little time later to arouse him it was discovered that he was dead. A coroner's jury viewed the body at the scene, and though there was no examination by a physician several of the lay witnesses, including the undertaker, gave it as their opinion that his neck was broken. This consensus was based variously on the excessive limberness or play in the neck and on the fact that there was a large swelling or lump there.

■ It is not improper to allow a lay witness, after describing the appearance of the body and the manner in which he has examined it, to give his opinion based upon personal observation as to what injuries he thinks are apparent. Especially is this true where no expert evidence is available. See 40 C.J.S. Homicide § 257, p. 1204; 20 Am. Jur. 722 (Evidence, § 861). The weight of such evidence would be a matter for the jury to determine.

■ Without any opinion evidence in this case there would still have been suffi-cient evidence of the corpus delicti to carry it to the jury. See Com. v. Sullivan, 1941, 285 Ky. 477, 148 S.W.2d 343, and Payne v. Com., 1942, 289 Ky. 590, 159 S.W.2d 430, in each of which cases the only expert witness was unable to state the cause of death.

■ During the cross-examination of the undertaker appellant sought to elicit an admission that he (the undertaker) had suggested an autopsy as the only way to determine the exact cause of death. This was not permitted, and the excluded matter was preserved by avowal. It was a proper subject of cross-examination, as it bore on the weight to be given the undertaker's opinions expressed in chief. On the retrial of this case the questions should be allowed.

■ Instruction No. 1, which covered the two degrees of wilful homicide, was as follows:

"If the jury believe from the evidence in this case, beyond a reasonable doubt that in this county and before the finding of this indictment that the defendant, Cord White Jr., willfully, not in his necessary or apparent necessary defense of Greely White struck Graden Jett with his fist, or other objects with the intent to inflict a fatal injury, under the circumstances where such striking, if any, was reasonably calculated to produce a fatal injury and that the said Graden Jett presently died thereby, you will find the defendant guilty; guilty of willful murder if the striking was done with malice aforethought; guilty of voluntary manslaughter if said striking was not done in malice aforethought *or upon provocation ordinarily calculated to excite the passion of man beyond control.* If you find defendant guilty of willful murder, you will fix his punishment at death or confinement in the state penitentiary for life in your discretion. If you find him guilty of voluntary manslaughter, you will fix his punishment at confinement in the state peni-

tentiary for any period in your discretion not less than two or more than twenty-one years." (Italics added.)

Thus it may be seen that the instruction followed the first instruction set out in § 876 of Stanley's Instructions to Juries except for the portion we have italicized, which should have read, "but in sudden affray or sudden heat and passion, and upon provocation ordinarily calculated to excite passion beyond control."

Omission of the elements of sudden affray or sudden heat and passion left the jury free to define voluntary manslaughter as it saw fit, and was error. Roberson's New Kentucky Criminal Law and Procedure (2d Ed.), p. 713 (§ 522); Martin v. Com., 1904, 78 S.W. 1104, 25 Ky.Law Rep. 1928; Com. v. Blackwell, 1892, 93 Ky. 309, 20 S.W. 199, 14 Ky.Law Rep. 246; Gist v. Com., 1885, 7 Ky.Law Rep. 45, 13 Ky.Op. 542.

■■ The appellant's rights in defense of his brother were the same as they would have been in defense of himself. Cf. Adkins v. Com., 1943, 293 Ky. 329, 168 S.W.2d 1008; Beavers v. Bowen, 1904, 80 S.W. 1165, 26 Ky.Law Rep. 291; 4 Am.Jur. 155 (Assault and Battery, § 54); 40 C.J.S. 968 (Homicide, § 108); Restatement of the Law of Torts, Vol. 1, § 76. Instruction No. 4, presenting this theory, was as follows:

"Although the jury believe from the evidence beyond a reasonable doubt that the defendant struck and killed Graden Jett; yet if at the time the defendant so struck and killed the deceased, he had reasonable ground to believe, and in good faith did believe that the deceased was then and there about to inflict upon him or his brother some great bodily harm, and that the defendant thought it was necessary or it seemed to him, in the exercise of ordinary judgment to be necessary, in order to protect himself or his brother from said danger, real or apparent to defendant, you should find the defend-

ant not guilty on the ground of self-defense and apparent necessity."

Such an instruction embraces an *intentional* killing in self-defense and is the proper counterpart to instructions on murder and voluntary manslaughter, which are intentional homicides.

■ An intentional killing in defense of another can be justified only if the defendant believed and had reasonable grounds to believe that the deceased was about to kill or do great bodily harm to the other person. Roberson's New Kentucky Criminal Law and Procedure (2d ed.), p. 735 (§ 536). See also Stanley's Instructions to Juries, §§ 892–895. But where no deadly weapons are involved and the defendant is entitled to an instruction on involuntary manslaughter, an unintentional homicide, he is entitled to a further instruction on the theory of defense against ordinary assault and battery, against the menace of mere bodily harm as distinguished from the threat of death or great bodily harm. Sikes v. Com., 1947, 304 Ky. 429, 200 S.W.2d 956. Therefore, in the retrial of this case there should be a second "defense" instruction to the effect that if the defendant believed and had reasonable grounds to believe that his brother was then and there being or about to be assaulted or was in danger of bodily harm about to be inflicted upon him by the deceased, and the defendant used no more force than was necessary or appeared to him in the exercise of a reasonable judgment to be necessary to repel such assault or, in so doing, to protect himself from injury at the hands of the deceased, he should be found not guilty.

In its instructions No. 1 and No. 2 the trial court included the words, "or other objects," in addition to the defendant's fist. As there is no evidence that appellant had any object in or on his hand or struck the deceased in any way but with his fist the use of these unnecessary words was an invitation for the jury to speculate beyond the record. If the evidence at the next trial is the same they should be omitted.

In view of precedents such as Smith v. Com., 1929, 228 Ky. 710, 15 S.W. 2d 458, and Kearns v. Com., 1932, 243 Ky. 745, 49 S.W.2d 1009, no question has been raised on this appeal as to the propriety of the wilful murder instruction in the event of a new trial. It is, however, a matter which gives this Court grave concern, for it is hard to see how a conviction of murder in the case of a sudden, simple fistfight, unattended by excessive brutality or other aggravating circumstances, could be justified. The law goes quite far enough when it says even that an intent to kill may be inferred from the striking of the fatal blows. The inference of malice aforethought, without further evidence thereof, is too much. Where a man is of manifestly superior strength, or where he has advance knowledge of some infirmity or disadvantage on the part of his adversary which might be reasonably expected to lead to a fatal result, or where he has gained the upper hand and inflicts excessive violence on the helpless victim it may be that a jury would be authorized to infer murderous malice, but the evidence in this case was not sufficient to submit the question. Neither was it sufficient in the Smith and Kearns cases, supra, and those opinions may no longer be considered as authority to the contrary. Therefore, if the evidence on the retrial of this case should be substantially the same as at the first trial the instruction on wilful homicide should be substantially as follows:

"If the jury believe from the evidence in this case, beyond a reasonable doubt, that in this county and before the finding of the indictment herein, the defendant, Cord White, Jr., wilfully in a sudden affray or in sudden heat and passion, and not in the necessary or apparently necessary defense of himself or of his brother, Greeley White, struck Graden Jett with his fist with intent to inflict a fatal injury and under such circumstances where such striking, if any, was reasonably calculated to produce a fatal injury, and that the said Graden Jett presently died thereby, you will find the defendant guilty of voluntary manslaughter and fix his punishment at confinement in the penitentiary for not less than two nor more than twenty-one years, in your discretion."

It will be noted that the element of "provocation ordinarily calculated to excite passion beyond control," which must be present in order to reduce a homicide from murder to voluntary manslaughter (see Roberson's New Kentucky Law and Criminal Procedure, § 374, and Stanley's Instructions to Juries, § 876), has no place in the instruction when voluntary manslaughter is the highest offense submitted to the jury.

Judgment reversed and remanded for a new trial in accordance with this opinion.