CASE 3—INDICTMENT—JUNE 9.

## McDonald v. Commonwealth.

APPEAL FROM MEADE CIRCUIT COURT.

1. THE BURNING OF A CHURCH EDIFICE is punishable by confinement in the penitentiary under section 3, of article 7, chapter 29, General Statutes.

2. IMPEACHMENT OF DEFENDANT'S CHARACTER.—Where the defendant in a criminal case is introduced as a witness for himself, his general character for truth and veracity may be impeached as that of any other witness.

H. T. KENDALL AND LEWIS & FAIRLEIGH FOR APPELLANT.

1. The general words, "or any other house whatever," as used in section 3, of article 7, chapter 29, General Statutes, can not be so construed as to embrace a church.

   Where a particular enumeration of several classes of persons or things is followed by such general words as those quoted, the general words are restricted in meaning to objects of the like kind with those specified.   (1 Bishop on Criminal Law, 275.)

   The case of Wallace v. Young, 5 Mon., 155, commented on.

2. The statute allowing defendants in criminal cases to testify in their own behalf has not changed the rule that the defendant's character cannot be put in issue unless the defense shall have first, by evidence, attempted to show his character.

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

1. The burning of a church is punishable under section 3, of article 7, chap. 29, Gen. Stats.   The general phrase "or any other house whatever," includes a church.   (Wallace v. Young, 5 Mon., 155.)

2. Where the defendant voluntarily becomes a witness he assumes all the burdens and obligations incident to the position, and may be proved

McDonald v. Commonwealth.

unworthy of credit on oath, even though his character as defendant may suffer. (Connors v. The People, 50 N. Y., 240; Brandon v. The People, 42 N. Y., 265; Commonwealth v. Bonner, 97 Mass., 587; Fletcher v. The State, 49 Ind., 124; Wharton's Crim. Ev., 8th ed., 433-434.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, McDonald, was tried and convicted in the Meade circuit court of the crime of house-burning, it being alleged in the indictment that the accused willfully and unlawfully set fire to and burned the Cedar Grove Church, the property of and belonging to the Methodist Episcopal Church, South, etc., contrary to the form of the statute in such cases made and provided.

The statute provides: "If any person shall willfully and unlawfully burn a powder-house, tobacco-house, warehouse, store-house, stable, barn, or any house or place where wheat, corn or other grain, grass, fodder, hemp, cotton, wool, fruit, ice, hay or straw is usually kept, or any other house whatever, or any stack, rick or shock of hay, fodder, * * * or grain, or pile of lumber, plank, rails, posts, hoop-poles, shingles," and other property specifically mentioned, "he shall be confined in the penitentiary not less than one nor more than six years." (General Statutes, chapter 29, article 7, section 3.)

The unlawful and willful burning of a church was not arson in the offender by the rule of the common law. He was liable to fine and imprisonment only under an indictment for malicious mischief, and it is, therefore, urged that the burning of a church building, not being specifically mentioned, is not embraced by the statute; that after the enumeration of the various

subjects of the offense, such as powder-house, ware-house, barn, stable, structures or place where grain, hemp and cotton are kept, the general words, "*or any other house whatever*," are restricted in meaning to buildings or objects of a like kind; and such is ordinarily the rule of construction in interpreting the meaning of a statute. The Legislature, in the list of offenses enumerated by this statute, and for which punishment is inflicted, seems to have omitted churches, school-houses, etc., but evidently intended, by the general language used, to embrace all kinds of buildings; and while church edifices and school-houses should have been more prominent in the minds of the legislators, than a barn, stable or pile of lumber, at the same time it is unreasonable to suppose that the willful and unlawful burning of a stable or pile of lumber should be made an offense, the punishment of which is confinement in the State prison at hard labor, while the burning of a house of public worship is only to be considered a misdemeanor, and the offender punished only by fine and imprisonment in the county jail.

This court, in the case of Wallace v. Young, 5 Mon., 155, held, under a similar statute, that the burning of a school-house was embraced by the words, *or any other house whatsoever*.

The construction, as there said, should be as broad as the words naturally import. The legislative intention must control; and where there is no provision of the statute punishing the burning of church property as a distinct offense, the words, *or any other house whatever*, should be held to embrace a church building, and the law-making power evidently intended in

using such comprehensive language to make it apply to all houses, the destruction of which is not made the subject of punishment by other statutes. The demurrer to the indictment was, therefore, properly overruled.

The appellant offered himself as a witness, and being examined, his general character for truth and veracity was impeached by the State. The undoubted and general rule in criminal practice is, that the State can not place the character of the accused in issue, unless the latter shall have first attempted to establish his character by proof. This rule is founded in sound policy, and prevents those charged with crime from being punished because of their bad character, rather than on the testimony adduced as to their guilt of the particular offense charged; nor has this rule been repealed, expressly or by implication, by reason of the statute permitting the accused to testify in his own behalf. When he comes before the jury as a witness, although charged with the offense, he subjects himself to that character of examination that can be made of any other witness, and his inclination to tell the truth or to swear falsely may be shown by the Commonwealth in the usual mode of impeaching the general character of a witness for truth and veracity.

In this case the examination as to the character of the witness (who was the accused) was confined to his general character for truth, and we see no reason for placing this witness in such a position before the jury as would preclude all investigation by the State on the subject. The object of the jury is to arrive at the

truth or falsity of the statement made. If the accused, by reason of his bad character for truth, is not to be believed on oath, the jury ought to know, and the privilege given the accused to testify will not shield his character from such an investigation. Wharton, in his work on Criminal Evidence, page 435, says that *his character for truth and veracity may be impeached;* in fact, his credit, like that of all witnesses, is for the jury.

In the case of Commonwealth v. Keenan, 97 Mass., 589, where the accused could testify by reason of the statute, it was held that, by availing himself of the privilege, he subjected himself to the liabilities incident to that position. The statute does not exempt him from cross-examination as a witness, or prevent his impeachment.

In the case of Connors v. The People, 50 N. Y., 240, where the accused offered himself as a witness and was examined, it was held that he thereby subjected himself to the same rules and tests applicable to other witnesses.

In this case the instructions given the jury embraced the whole law of the case, and are unobjectionable. No incompetent testimony was admitted, or any error to the prejudice of the accused in impeaching his character for truth. The question was as to the veracity of the witness. The inquiry, on the examination made by the attorney for the Commonwealth, was directed to that particular point; those where his character was known seemed to think he was not worthy of credit, their opinions based upon what was said about him in that regard by his neighbors.

Judgment below is affirmed.