## Wolf v. Commonwealth.

(Decided April 21, 1911.)

### Appeal from Pike Circuit Court.

1. False Swearing—Evidence—Sufficiency Indicating Action.—In an action, charging one with false swearing the indictment suffi ciently indicating the action in which the false testimony was

given, the defendant being sworn but once could not have been
misled as to the testimony referred to.

2. Reputation of Witness—Commonwealth May Carry Back Con-
nectedly.—Where the Commonwealth showed the character of
a witness to be had at the time, it may show that it is not only
bad where he lives, but bad in the county from which he came.

3. Commonwealth's Attorney—Examination By.—Objection to
Them Sustained.—Where the objection to two questions asked
by the Commonwealth's Attorney were promptly sustained, it
can not be said that appellant was prejudiced by them.

J. S. CLINE and ROSCOE VANOVER for appellant.

JAS. BREATHITT, Attorney General, and TOM B. McGREGOR,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

Malcom Wolf was indicted in the Pike Circuit Court
for false swearing. It is charged in the indictment that on
December 26, 1910, before J. P. Marrs, Police Judge, in
an action in the police court of Pikeville, in which T. B.
Hurst was plaintiff and W. M. Ford was defendant, Wolf
testified that on or about the tenth day of June, 1910, L.
H. Whitman said to him that he had taken the Grant Ad-
kins contract, that Grant had stepped out and he, Whit-
man, had stepped in his shoes; that this testimony was
false; and was known by the defendant to be false; that
Whitman had not said this to him, and the defendant
knew that he had not said it. On a trial of the case, the
defendant was found guilty, and he was sentenced to the
penitentiary from one to five years. He appeals.

It appeared on the trial that Ford, the defendant in
the case referred to, had made his answer a cross peti-
tion against Whitman, and that the testimony of Wolf
was given as a witness for Ford on his cross petition
against Whitman. It is insisted for the defendant that
there was a variance between the proof and the indict-
ment. The testimony was alleged in the indictment to
have been given in the action in that court in which Hurst
was plaintiff and Ford was defendant. This sufficiently
indicated the action in which the false testimony was
given; for although the witness testified for Ford on his
cross petition, the testimony was given in the action re-
ferred to. The defendant could not have been misled; he
was only sworn once in the action, and the purpose of

this part of the indictment was only to inform him of the nature of the accusation against him so that he could prepare his defense.

The Commonwealth, after the defendant closed his testimony, introduced proof showing that his general reputation for truthfulness was bad in Pike county where he lived; that he had lived in Pike county only two or three years; that he had moved there from Floyd, and that his character for truthfulness was bad in Floyd county before he moved to Pike. This evidence was competent. The Commonwealth having shown that his testimony was bad at the time, might carry this back connectedly and show that it had been bad not only in Pike but in Floyd county before he came to Pike. No evidence was admitted based on the charge of false swearing made against the defendant. The evidence shows that the testimony of the witnesses is based on the reputation he had before this matter came up.

The court by instruction 2 told the jury in substance that the evidence of one witness alone is not sufficient to warrant a conviction, but that in addition to one witness there must be some corroborating evidence sufficient in conjunction with the oath of the accusing witness to overcome the oath of the accused and the presumption of his innocence. If the word "some" had been omitted from the instruction, the sense would not have been changed, and while the instruction would have been clearer without this word, we can not see that it was prejudicial under the facts, as there was here ample corroborating evidence. The jury were expressly told that they must believe him guilty beyond a reasonable doubt, and if they had a reasonable doubt of his guilt, they must acquit him.

The Commonwealth's Attorney asked two questions on the trial that should not have been asked but the court promptly sustained the defendant's objection to them, and we can not see that he was substantially prejudiced by this.

The court told the jury that before they could find the defendant guilty they must believe beyond a reasonable doubt that he had made the statement in his testimony before Judge Marrs as set out in the indictment. Under this instruction the jury could not have convicted him if they had not found that his testimony before Judge Marrs was as stated in the indictment.

Judgment affirmed.