### Turner v. Commonwealth.

(Decided October 17, 1919.)

### Appeal from Leslie Circuit Court.

1. Criminal Law—Evidence—Admonitions.—On cross-examination of a witness introduced by defendant in a murder trial to prove his reputation for peace and quietude witness was allowed to testify regarding a specific act of defendant. Objection of defendant overruled and the court admonished the jury "that they were not to take this testimony as substantive testimony against the defendant, but only to affect the credibility of the defendant for peace and quietude if in their mind it did affect his credibilty." Held, that this admonition, although erroneous, could not have been construed as authorty for the jury to consider the evidence for the purpose of affecting defendant's credibility as a witness but only for peace and quietude.

2. Criminal Law—Evidence—Admonitions.—While it is error for the court to fail to properly limit the effect of evidence where an

objection is made calling the court's attention to the necessity therefor, such error will not authorize a reversal unless it appears from the whole record that defendant's substantial rights were prejudiced thereby.

3. Criminal Law—Impeaching Evidence—Admonitions.—The error of the court in failing to properly admonish the jury as to the effect of impeaching evidence held not to be prejudicial upon all the evidence in this case.

CLEON K. CALVERT, L. D. LEWIS, B. B. GOLDEN and J. G. BEGLEY for appellant.

CHARLES H. MORRIS, Attorney General, and BEVERLY M. VIN-CENT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellant, George Turner, indicted for murder, was convicted of manslaughter and his punishment fixed at ten years' confinement in the penitentiary. He seeks a reversal upon the sole ground that prejudicial error was committed by the court in failing to properly admonish the jury as to the effect of certain evidence. Two witnesses introduced by him, S. H. Jones and Eli Pennington, testified that they knew his general reputation for morality and for peace and quietude in the neighborhood where he lived, and that it was good. Upon cross-examination both witnesses were asked by the attorney for the Commonwealth if they did not know that the defendant a few years before had shot Noah Woods, to which questions the defendant objected and his objections having been overruled saved exceptions. The court, however, before permitting Jones to answer the question gave the jury this admonition, as appears from the record:

"But the court admonished the jury that they were not to take this testimony as substantive testimony against the defendant but only to affect the credibility of the defendant for peace and quietude if in their mind it would affect his credibility."

No admonition was given with reference to the testimony of Pennington on the same question. Both witnesses testified they had heard that the defendant, about the time mentioned, had shot Noah Woods. It is insisted by counsel for appellant that the admonition given by the court with reference to the testimony of Jones was worse than no admonition at all, because while instructing the

jury that the testimony was not to be taken as substantive evidence against the defendant, allowed them to consider it as affecting the credibility of the defendant rather than the witness, and that this was not only error but very prejudicial to the defendant. It is quite clear that the question and answer were competent upon cross-examination, but only for the purpose of testing the accuracy and candor of the witness himself in testifying that the defendant's reputation was good, and this, of course, was what was intended by the court, the word "defendant" having been used instead of "witness" by inadvertence. But, even taking it literally, it cannot be construed, as does counsel for appellant, into meaning that the court authorized the jury to consider this evidence for the purpose of affecting the credibility of the defendant as a witness, but only for the purpose of affecting his credibility for peace and quietude, and we are not inclined to believe that the jury could have been misled by this inadvertent use of the word "defendant" for "witness," or have failed to understand that this evidence could affect only the defendant's reputation for peace and quietude, as established by witness' testimony, rather than his credibility as a witness, but considering it as erroneous we shall later determine from the whole evidence whether it was prejudicial.

It would have been proper, of course, for the court in permitting Pennington to answer the same question upon cross-examination, over the objection of the defendant, to have again admonished the jury of its purpose, as the rule is thoroughly established that it is error for the court to fail to admonish the jury as to the effect of such testimony when an exception or objection or motion is made at the time calling the court's attention to the necessity therefor (McCreary v. Commonwealth, 158 Ky. 612; Clark v. Commonwealth, 165 Ky. 472; Copley v. Commonwealth, 184 Ky. 185, 16 Cyc. 1280), but it is also as thoroughly established that the error in failing to give the admonition will not authorize a reversal unless it appears from the whole record that the substantial rights of the accused were prejudiced by the failure to limit the effect of the impeaching evidence. Ochsner v. Commonwealth, 128 Ky. 761; Newman v. Commonwealth, 28 Ky. L. R. 81; Fueston v. Commonwealth, 91 Ky. 230, Johnson v. Commonwealth, 170 Ky. 766; Hays v. Common-

wealth, 171 Ky. 291; Day v. Commonwealth, 173 Ky. 269; Copley v. Commonwealth, *supra*.

We shall, therefore, consider all the evidence to determine whether or not appellant's substantial rights were prejudiced by the erroneous admonition with reference to Jones' testimony and the failure to limit the effect of the same testimony by Pennington, waiving the question urged by the Commonwealth of whether one admonition is sufficient to cover the admission of the same evidence by another witness.

Several witnesses for the Commonwealth testified that deceased, when he was killed by the defendant, was unarmed; was holding a bottle of whiskey in his left hand, out of which the defendant had invited him to take a drink, and with his right hand was attempting to remove the cork from the bottle, and that he made no threat or hostile demonstration of any kind toward the defendant. Upon this testimony the jury would have been justified, of course, had they found the defendant guilty of murder rather than manslaughter. For the defendant it was proven that deceased had threatened to kill the defendant for killing his dog about six months theretofore, and that these threats had been communicated to the defendant; that the deceased, when the defendant passed him a few moments before the homicide, gritted his teeth and said: "You damn son of a bitch;" that a few minutes later when deceased and defendant again met each other the former said: "God damn you, you are in the wrong place now, aren't you?" Whereupon defendant pulled out a bottle of whiskey, handed it to the deceased and said: "Here Jim, take a drink and let's have no trouble;" that deceased replied: "I will take a drink with any damn son of a bitch," and took the extended bottle in his left hand and punched defendant in the breast with some hard instrument, whereupon he pulled his pistol and shot the deceased several times, killing him instantly. That about that time Johnny Joseph struck the defendant with something and glanced his arm; whereupon defendant turned his pistol upon him, emptying it, and started to run. That meeting someone about fifteen yards from the house where the killing occurred he threw his pistol on him and told him to run or he would shoot him too. As the defendant was not substantiated by any other witness in this version of the killing except

as to the threats, it is clear that the jury, in convicting the defendant of manslaughter rather than murder, must have accepted his statement, rather than the testimony of the several witnesses for the Commonwealth, that just before he shot the deceased the latter cursed him and punched him in the breast with some hard instrument, and it seems to us that even upon the defendant's theory of the difficulty the jury were amply justified, and only so, in holding as they did, that the shooting was done in sudden heat or passion and not in self-defense. It is, therefore, quite apparent that appellant's substantial rights were in nowise prejudiced by the failure of the court to properly limit the testimony of which complaint is made.

,Wherefore the judgment is affirmed.