## Shell v. Commonwealth.

(Decided Oct. 11, 1932.)

224

[redacted]

E. H. JOHNSON for appellant.

BAILEY P. WOOTTON, Attorney General, and WILLIAM R. ATTKISSON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Reversing.

The appellant, Chester Shell, appeals from a judgment sentencing him to life imprisonment for the murder of Mart Pace. Proof of his guilt consisted of evidence of animosity, threats, admissions, and circumstances susceptible of showing culpability; also the testimony of one that he saw the appellant fire the shot which killed Pace, and to facts sufficient to show that Lee Vanover was an aider and abettor. The defense was a denial, an alibi, and an explanation of the circumstances; also proof to the effect that the claimed eyewitness was not in the vicinity at the time Pace was killed. It is not contended, nor could it successfully be, that the evidence is not sufficient to sustain the verdict. The judgment must be reversed, however, because of the admission of incompetent evidence.

First. In rebuttal, the commonwealth was permitted, over objection, to introduce evidence that the reputation of the defendant for peace and quiet was bad. He had not put his character in issue. The admission of the evidence was an error, and, under the facts of the case, seems to the court to have been prejudicial to his substantial rights.

The apparent confusion that exists in the different rules of practice pertaining to evidence of character or reputation in criminal cases would seem to call for a discussion of the subject with some degree of fullness.

It is commonly said one's character is what he is, and his reputation is what people think he is. Perhaps it is better to say that reputation is the cumulative effect on the community's mind of a group, or the sum total of one's traits of character. Its growth is subtle and slow, although "a single lapse from virtue, or a single infraction of the world's code of honor, may blast a character. * * * It is made up of numberless and infinitesimal acts, the individuality of which is lost sight of as they pass, and the aggregation alone remains as a monument to character." White v. Commonwealth, 80 Ky. 480, 485. Wigmore calls a good reputation "a circumstantial guarantee of trustworthi-

ness.'' It has been regarded as a proper source of evidence for more than two centuries. Wigmore, sec. 1610.

The admission of character evidence is an exception to the hearsay rule. It is presumptive proof. It is evidence of a condition or characteristic from which the jury may presume or deduce a fact. It is admitted under the general conception coming from observation, experience, and common knowledge of human nature that on a specific occasion it is improbable that a person of good character, or one who has uniformly pursued an upright, law-abiding, peaceable, or honest course of conduct, or the converse, has departed from it, or that he had acted contrary to the impulse that usually or generally characterizes his actions, or his everyday behavior upon which estimates of his character are based. Thus proof that one is generally regarded by his associates and those who know him well to be truthful permits the deduction that his testimony is untruthful. Likewise, evidence that one whose whole moral character is bad, that is, that he is addicted to vicious habits or is prone to commit immoral acts, gives rise to a reasonable inference that he has lost respect for truth, and is willing to perjure himself when it is to his interest to do so. So, too, proof that one is generally regarded as a peaceable, quiet, inoffensive man permits the deduction that he did not bring on a difficulty or commit murder or an offense involving violence; and proof that one is generally reputed to be honest permits the presumption that he did not steal, as he may have been charged with doing. Compare Globe Indemnity Company v. Daviess, 243 Ky. 356, 47 S. W. (2d) 990. But evidence of reputation, either good or bad, is incompetent if too remote and a continuance to a reasonably recent period is not shown, for regard must be had for changing dispositions.

There is a clear distinction in the rules of practice relating to the introduction of reputation evidence. The difference rests upon the ground that evidence of a bad trait which may have affected the defendant's conduct in relation to the offense for which he is upon trial is substantive proof going to his guilt or innocence, while evidence as to his reputation for veracity is not of that character, and merely affects his credibility as a witness.

(a) Desirable caution not to impose punishment upon the innocent demands that proof of guilt shall not rest upon what is said about a man. There is danger that the defendant may be found guilty, not because he is believed to be guilty of the offense for which he is being tried, but because of his bad character he deserves to be punished. Hence, the prosecution is not permitted to prove in chief or as direct evidence that the accused possessed a bad reputation generally or a trait from which may arise a presumption of guilt, since the defendant has not yet attempted to use a good character in his exoneration. Combs v. Commonwealth, 160 Ky. 386, 169 S. W. 879; Romes v. Commonwealth, 164 Ky. 334, 175 S. W. 669; Denton v. Commonwealth, 188 Ky. 30, 221 S. W. 202; Brashear v. Commonwealth, 178 Ky. 492, 199 S. W. 21; Strong v. Commonwealth, 216 Ky. 98, 287 S. W. 235; Hall v. Commonwealth, 219 Ky. 446, 293 S. W. 961; Dean v. Commonwealth, 234 Ky. 308, 28 S. W. (2d) 11.

Illustrative of the importance of the rule and of special application to the case at bar, since they relate to the specific error committed, are Calhoon v. Commonwealth, 64 S. W. 965, 23 Ky. Law Rep. 1188; Strong v. Commonwealth, 216 Ky. 98, 287 S. W. 235, and Hall v. Commonwealth, supra, where it was held prejudicial to permit the commonwealth to introduce evidence of the defendant's bad reputation for peace and quiet when he had merely testified, and had not undertaken to prove a good reputation in that respect. The reason for excluding the evidence is given and discussed in the opinions. Also of pertinence is Hansford v. Commonwealth, 170 Ky. 700, 186 S. W. 498, 499, holding it to be a reversible error to admit evidence of the defendant's bad reputation for truth and veracity where he did not undertake to prove a good character, and did not testify.

But the accused is permitted to show that he possesses a character and particular trait from which innocence may be deduced. He is limited to proving general good moral character and specific traits or virtues involved in the nature of the offense charged and relevant to the moral wrong involved in its commission, or which bears some analogy to it, and is indicative and uniform of his conduct generally. Underhill, sec. 136. Thus it is not competent in a homicide

case for the defendant to prove a reputation for truth and veracity as substantive evidence when the commonwealth has not attacked his reputation in that respect in his capacity as a witness. Commonwealth v. Ashcraft, 224 Ky. 203, 5 S. W. (2d) 1067. "It is a substantive fact in defense and positive proof which may be considered together with all other evidence as a species of circumstantial evidence as to the innocence of the defendant." Underhill's Criminal Evidence, sec. 3; Romes v. Commonwealth, supra. There is no distinction in the application and effect between this character of evidence and evidence of exculpatory facts, for both rest upon the same basis. Underhill, sec. 138.

When the defendant has made such a showing, the commonwealth may introduce rebutting evidence confined to the general reputation and the specific trait to which the defendant's evidence related. Underhill, sec. 137.

Thus it is said in Lockard v. Commonwealth, 87 Ky. 201, 8 S. W. 266, 10 Ky. Law Rep. 102. "The law invests every person charged with crime with a presumption of good character. If the accused chooses to rest upon it, and not put his general character in issue by offering evidence as to it, then the state can offer none to impeach it. It is only when the defendant casts aside this shield of presumption, and attempts to show his general good character by affirmative evidence, that the door is opened for evidence of his bad character upon the part of the prosecution. This has long been a familiar rule."

See, also, McDonald v. Commonwealth, 86 Ky. 10, 4 S. W. 687, 9 Ky. Law Rep. 230; Allen v. Commonwealth, 134 Ky. 110, 119 S. W. 795, 20 Ann. Cas. 884, and cases cited, supra.

This has been the uniform rule, that the defendant may introduce evidence as having probative force to disprove guilt, testimony of both good moral character generally, and of a relevant, specific kind. The statement in McCandless v. Comomnwealth, 170 Ky. 301, 185 S. W. 1100, that upon a homicide charge he is restricted to his reputation for peace and quiet, is out of line with all other authorities, and is not to be regarded as authoritative. Thus in Denton v. Commonwealth, supra, a judgment of conviction was reversed because

the defendant was not permitted to prove a good general moral character and was confined to evidence of his reputation for peace and quiet.

To avoid possible misunderstanding, perhaps notice should be taken of section 2554a-15 of the Statutes as making an exception to the general rule by a special provision in prosecutions for violating the liquor prohibition laws by permitting as substantive evidence testimony that the defendant had the reputation of being engaged in the illicit liquor business before the offense charged. Keith v. Commonwealth, 197 Ky. 362, 247 S. W. 42; Crawford v. Commonwealth, 198 Ky. 726, 249 S. W. 1033.

Evidence of this class is limited to a reputation up to the time of the discovery of the crime with which the accused is charged, for the reason that to permit the inquiry to extend beyond the time of the discovery that the offense has been committed would be to allow evidence based upon a single transaction, which is contrary to the whole theory upon which evidence of character is admitted to support the presumption of innocence. White v. Commonwealth, 80 Ky. 480, 486; Allen v. Commonwealth, supra.

Authorities ascribe different weight to this species of evidence. It is testimony of a fact, varying greatly, according to its own intrinsic worth, its nature, its relative value, and the evidence to which it is opposed, but always it is to be estimated and weighed by the jury. See Denton v. Commonwealth, supra.

(b) When the defendant ascends the witness stand in his own behalf he assumes another role. Since common experience teaches that ordinarily a man under oath tells the truth, it is not permissible to bolster the credibility of a witness by showing he is esteemed of good moral character, or is reputed to tell the truth under all circumstances. By the act of testifying, however, the witness puts his credibility in issue and invites inquiry, and the opposing party may impeach him by evidence of a bad reputation in related particulars. And, of course, the party presenting him may offer evidence to overcome any presumption that may have arisen that he is not credible. If the defendant is denied that right after being attacked, it is error. Barker v. Commonwealth, 209 Ky. 817, 273 S. W. 503.

This method of impeachment is specifically authorized by section 597, Civil Code of Practice, which is applicable to prosecutions for crime, in this language:

> "A witness may be impeached by the party against whom he is produced * * * by evidence that his general reputation on untruthfulness or immorality renders him unworthy of belief."

In Foure v. Commonwealth, 205 Ky. 62, 265 S. W. 443, 446, it was held to be proper, after having attacked the reputation of the accused as a witness for morality and for truth and veracity, to go further and elicit the opinion of the character witness in this form:

> "From his general reputation for morals and for truth and veracity, state whether or not in your opinion and judgment he is entitled to full faith and credit when on oath."

Shortly after the passage of the act of May 1, 1886, providing that a defendant in a criminal case could testify in his own behalf, the question arose whether when he did so he could be impeached by bringing in question his general moral character in addition to his reputation for truth and veracity. It was argued that to permit an attack upon that reputation before the defendant had first voluntarily put it in issue would violate the rule of evidence of long standing. Weighing all the considerations, the question was settled in favor of permitting impeachment in that way, and the defendant's immunity was denied. McDonald v. Commonwealth, 86 Ky. 10, 4 S. W. 687, 9 Ky. Law Rep. 230; Lockard v. Commonwealth, supra. Since that time the defendant as a witness has been regarded as clothed with no greater right or privilege than any other witness, and as being subject to the same rule permitting introduction of evidence as to a bad reputation for general moral character and truth or veracity, either or both, without those issues having been first raised by the defendant. Combs v. Commonwealth, 160 Ky. 386, 169 S. W. 879; Romes v. Commonwealth, supra; Hansford v. Commonwealth, supra; Bennett v. Commonwealth, 171 Ky. 63, 186 S. W. 933; Taylor v. Commonwealth, 172 Ky. 136, 188 S. W. 1087; Day v. Commonwealth, 173, Ky. 269, 191 S. W. 105; Roop v. Commonwealth, 201 Ky. 828, 258 S. W. 667; Hill v. Commonwealth, 191 Ky. 477, 230

S. W. 910; Lissenbee v. Commonwealth, 198 Ky. 639, 249 S. W. 782; Lake v. Commonwealth, 209 Ky. 832, 273 S. W. 511; Viley v. Commonwealth, 215 Ky. 802, 287 S. W. 10; Hall v. Commonwealth, supra. In this connection it is to be said as a general rule that, except as to reputation for untruthfulness or want of veracity, evidence as to any other particular phase of character or specific acts of ignominy or turpitude is incompetent. This for the reason that the jury might accept it as bearing on the guilt of the accused, and not as the weight to be given his testimony. Sullivan v. Commonwealth, 158 Ky. 536, 165 S. W. 696, 697; Eversole v. Commonwealth, 157 Ky. 478, 163 S. W. 496; Warrix v. Commonwealth, 195 Ky. 795, 243 S. W. 1025. As a quasi exception to this statement, notice is to be taken of the cases of Crump v. Commonwealth, 20 S. W. 390, 14 Ky. Law Rep. 450; Lane v. Commonwealth, 134 Ky. 519, 121 S. W. 486, and Logan v. Commonwealth, 174 Ky. 80, 191 S. W. 676, 677, in which it was held to be proper to show that a female witness' reputation for chastity and virtue is bad because chastity is recognized as an essential ingredient of good moral character, and the want of it may be proved as a matter of general reputation.

Evidence of this species, heard for the purpose of affecting the credibility of the defendant as a witness, is directed to the time he testifies, for the patent reason that it is to affect him as a witness, and not as tending to disprove guilt. After present reputation is shown, as throwing light upon it, the time may extend backward for a reasonable period, if connected up and the reputation shown to be substantially continuous. The evidence in this respect should be such as to induce a rational belief that the same character then exists. A reference to the opinions cited will disclose specific periods held too remote and as reasonable. Young v. Commonwealth, 69 Ky. (6 Bush) 312; Mitchell v. Commonwealth, 78 Ky. 219; Davis v. Commonwealth, 95 Ky. 19, 23 S. W. 585, 15 Ky. Law Rep. 396, 44 Am. St. Rep. 201; Commonwealth v. Hourigan, 89 Ky. 305, 12 S. W. 550, 11 Ky. Law Rep. 509; Turner's Guardian v. King, 98 Ky. 253, 32 S. W. 941, 33 S. W. 405, 17 Ky. Law Rep. 871; Smith v. Commonwealth, 140 Ky. 599, 131 S. W. 499; Wolf v. Commonwealth, 143 Ky. 273, 136 S. W. 193; Gabbard v. Commonwealth, 159 Ky. 624, 167 S. W. 942; Combs v. Commonwealth, 160 Ky.

386, 169 S. W. 879; Lake v. Commonwealth, supra; Fletcher v. Commonwealth, 239 Ky. 506, 39 S. W. (2d) 972. Evidence covering any former time should be received with caution. If it goes back too far, and there is no proof of continuation of the reputation, the substantial rights of the defendant may be prejudiced, in which case the admission of the evidence will constitute reversible error. Steele v. Commonwealth, 192 Ky. 223, 232 S. W. 646, 647.

Another important rule of practice applicable to evidence as to the defendant as a witness and not to the accused as a defendant is that it is the duty of the court to admonish the jury that this sort of evidence should be considered only for the purpose of affecting the credibility of the defendant as a witness, if it does so, and not as evidence conducing to prove his guilt of the crime charged. Otherwise, in a doubtful case, the evidence may be regarded as showing probability of guilt, and the defendant may be convicted because of his bad name. But where the omission so to admonish the jury is not called to the attention of the court by objection, exception,, or motion of the defendant, it is not regarded as a reversible error, unless it appears from the whole record that the substantial rights of the defendant were thereby prejudiced. Johnston v. Commonwealth, 170 Ky. 766, 186 S. W. 655; Day v. Commonwealth, supra; Copely v. Commonwealth, 184 Ky. 185, 211 S. W. 558; Turner v. Commonwealth, 185 Ky. 382, 215 S. W. 76; Hill v. Commonwealth, 191 Ky. 477, 230 S. W. 910; Roop v. Commonwealth, 201 Ky. 828; Steele v. Commonwealth, supra; Atkins v. Commonwealth, 224 Ky. 126, 5 S. W. (2d) 889.

(c) The discursive treatment of the subject in hand perhaps demands, in the interest of clarity, a recapitulation. It has been and is to be presupposed that the witness through whom the reputation evidence is presented is qualified to testify concerning the matter by showing his knowledge thereof. See Wynn v. Commonwealth 188 Ky. 557, 222 S. W. 995.

Evidence as to the character of the accused as such which bears upon the question of guilt or innocence must first be introduced by the defendant. It is confined to his general moral character, and to a particular trait or element of character having some relation to the nature of the offense with which he is charged. If

the defendant brings his reputation in those respects in issue, the commonwealth may introduce rebuttal evidence of the same kind. The reputation must be as of the time of the discovery of the commission of the offense and a reasonable anterior time, with the proven reputation shown to have substantially continued through that period.

Evidence as to the character of the defendant as a witness must first be introduced by the commonwealth and may then be rebutted by the defendant by testimony of the same kind. It is confined to evidence of general moral character, and for truthfulness or veracity. The time to which this evidence relates is as of the day the defendant testifies, and a reasonable period theretofore, provided it is shown that such character or reputation has been practically continuous. It is the duty of the court to admonish the jury the purpose for which the evidence is introduced.

Since on the trial of the case at bar the commonwealth was permitted to introduce in rebuttal substantive evidence of a bad reputation for peace and quiet, it follows that there was a prejudicial error.

Second. We encounter in the record other incompetent evidence. The indictment charged the appellant Shell and Lee Vanover with murder, but not that it was pursuant to a conspiracy. Vanover lived with Charles Ward, and the killing occurred not far from Ward's home. It appears that the deceased had been and would likely be a witness against all three of these men in the Federal Court upon a liquor charge. Evidence was admitted as to certain statements and acts of both Ward and Vanover, which indicated their ill feeling as well as that of the appellant against the deceased, none of which were in the appellant's hearing or presence. There were similar statements also of one Bradley Howard. The evidence was admitted doubtless upon the theory that there was a conspiracy among the men against the deceased, although it was not charged in the indictment.

The applicable rule is that when it has been shown prima facie that there was a conspiracy to commit the crime involved, the acts and declarations of each of the conspirators may be proven against the others if they are in furtherance of the common purpose, although not done or said in the presence of each other or of the

one on trial; and sometimes the court should instruct the jury in regard to them. The lack of an accusation of conspiracy in the indictment is immaterial. Day v. Commonwealth, 173 Ky. 269, 191 S. W. 105; Crenshaw v. Commonwealth, 227 Ky. 223, 12 S. W. (2d) 336; Fletcher v. Commonwealth, 239 Ky. 506, 39 S. W. (2d) 972.

There was no evidence tending to show any conspiracy on the part of Ward or Howard with the defendant, hence the evidence as to what they did or said was improperly admitted. But as to Vanover the evidence was sufficient. Therefore, the evidence as to his declarations and acts before the crime was competent. But it was improper to admit later ones.

Third. A witness testified that nearly a year before the killing of Pace she heard Vanover, who then had some turpentine with him, say that to keep bloodhounds from trailing him he would put turpentine in his shoes. The evidence later introduced was to the effect that bloodhounds would not take up a trail at the scene of the crime. This evidence was irrelevant and immaterial.

Complaint is registered by the appellant against the admission of some other evidence. But except in some minor particulars as to the form in which it was asked for and presented, we find no merit in those contentions.

For errors indicated, the judgment is reversed.