## Keesee v. May.

Nov. 21, 1939.

Keesee & Keesee for appellant.

Burke & Sanders for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Myrtle Keesee, the plaintiff below, brought this action against her former husband, L. J. May, to recover on a note for $1,000 alleged to have been executed and delivered to her by the defendant on March 6, 1934. The defendant, in his answer, alleged that the note was procured by fraud and was without consideration. On the trial of the case the jury returned

a verdict for the defendant, and, from the judgment entered thereon, the plaintiff has appealed. The grounds urged for reversal of the judgment are that certain evidence introduced for the purpose of affecting the credibility of appellant as a witness, and admitted over her objections, was incompetent and that the verdict is flagrantly against the weight of the evidence.

After appellant had testified in her own behalf, the appellee introduced a number of witnesses who testified that her reputation for morality and chastity was bad. The court admonished the jury that this evidence should be considered only for the purpose of affecting her credibility as a witness if it did so affect it. This character of testimony has been held proper in a number of decisions of this court. Thacker v. Commonwealth, 263 Ky. 97, 91 S. W. (2d) 998; Shell v. Commonwealth, 245 Ky. 223, 53 S. W. (2d) 524; Logan v. Commonwealth, 174 Ky. 80, 191 S. W. 676; Lane v. Commonwealth, 134 Ky. 519, 121 S. W. 486; Civil Code of Practice, Section 597.

The appellant and appellee were the only witnesses on the issues in the case; that is, was the note without consideration, and was it procured by fraud? The note was executed after the decree divorcing the parties had been entered. Appellant testified that it was executed for the amount of alimony that had been agreed upon by the parties. Appellee testified that the judgment of divorce did not provide for the payment of alimony, and the understanding was that no alimony was to be paid. The note was executed at appellant's solicitation in order that she might use it in an effort to convince her skeptical friends and relatives that the ground for divorce assigned in her petition was the true ground for the divorce, and she promised to make no effort to collect it and to return it to him marked "Paid in full" when it had served its purpose. Evidence was also offered by appellee to explain and account for this seemingly improbable arrangement. No useful purpose would be served by reciting it or commenting upon it, and, on account of its nature, it will not be discussed. The testimony of plaintiff and defendant on the point in issue was in direct conflict, and the problem presented to the jury was to determine whose version of the transaction was true. The jury accepted the defendant's version, and we cannot say that its verdict is flagrantly against the weight of the evidence.

It is conceded that a written contract can be assailed

554

as a whole with parol evidence for fraud or for want of consideration, but it is argued that the evidence here is insufficient to sustain the verdict in view of the rule that, to overturn a written contract, parol evidence must be clear and convincing, and that it has been held that the mere unsupported declaration of the parties assailing the written instrument is not sufficient to sustain a verdict setting it aside. In Provident Savings Life Assurance Society v. Shearer, 151 Ky. 298, 151 S. W. 938, relied on by appellant, the testimony of the party assailing the written contract on the ground of fraud was not only unsupported, but all the facts and circumstances disclosed by the evidence, tended to show absence of fraud in the procurement of the contract. Here, there were some facts and circumstances tending to support appellee's claim as to the purpose for which the note was executed. Appellant's credibility as a witness was attacked, and if the jury saw fit to disregard her testimony, as it had the right to do, there was sufficient evidence to sustain its verdict.

The judgment is affirmed.