## Whitaker v. Commonwealth.

Oct. 24, 1944.

Howard & Mayo, Edward L. Allen, and C. P. Stephens for appellant.

Eldon S. Dummit, Attorney General and M. J. Sternberg, Assistant Attorney General for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CAMMACK—Reversing.

John Maynard Whitaker was found guilty on the charge of maiming John Castle by cutting off one of his fingers with an iron bar, and his punishment was fixed at one year in prison. The principal ground urged for reversal is that employed counsel for the prosecution was guilty of gross misconduct in his argument to the jury. Since we have reached the conclusion this contention is well founded, it will serve no useful purpose to enter upon a lengthy discussion of the evidence. We may say, in passing, however, the case was a hard fought one, with the evidence for the Commonwealth tending to show that Whitaker made an unwarranted attack upon Castle from the rear with an iron crowbar, while Whitaker's evidence showed that Castle, with whom he had been at outs for some time, attacked him while he was on his property building a fence along a passway.

The record contains the entire argument toward which objection is directed. Numerous misstatements of fact were made, to several of which objections were sustained. There was also an unwarranted attack upon counsel for the defendant, and improper references and insinuations were made as to the size of their fees. Such conduct was expressly condemned in Goff v. Commonwealth, 241 Ky. 428, 44 S. W. 2d 306. The prosecutor made the unwarranted charge that Whitaker's defense had been "fixed", and many of his references to him appear to have been calculated to hold him up to ridicule. Furthermore, repeated statements to the effect that Whitaker was a dangerous and vicious character were made, notwithstanding objections of his counsel, which were sustained. This type of argument was improper. King v. Commonwealth, 253 Ky. 775, 70 S. W. 2d 667; East v. Commonwealth, 249 Ky. 46, 60 S. W. 2d 137. It was charged also that counsel for Whitaker had intended to show that John Castle was a dangerous and violent man, but they failed to do so. Clearly this was improper, because any attempt to impeach Castle would have had to be made in compliance with section 597 of the Civil Code of Practice. See also the case of Shell v. Commonwealth, 245 Ky. 223, 53 S. W. 2d 524. A prosecutor is allowed much latitude in argument and may present to the jury facts testified to and deduce conclusions therefrom, but he must stay within the record and avoid abuse of defendants and their counsel. The argument in this case does not meet that standard.

There is one other important phase of the case.

After the trial judge had sustained three objections because of misstatement of facts, failed to rule on one other and erroneously overruled another, he made the following statement after the fifth objection: "I wish you wouldn't object so much." Notwithstanding this action, he made this additional statement: "There was nothing said about that, about him changing to his right hand pocket to his left." Clearly the statement was improper, in view of what we have said here about the argument of employed counsel for the prosecution, because that attorney persisted in misstating facts and in making improper statements. Apparently, persistent objections were necessary in the attempt to hold him within the bounds of reason.

Under the circumstances, we think the judgment must be and it is reversed, with directions that it be set aside and for proceedings consistent with this opinion.