## Taylor v. Commonwealth.

(Decided January 15, 1919.)

Appeal from McCracken Circuit Court.

Evidence—Circumstantial Evidence.—A verdict of conviction may be rested alone on circumstantial evidence when it establishes with reasonable certainty the guilt of the accused.

CROSSLAND & CROSSLAND for appellant.

CHARLES H. MORRIS, Attorney General, and HENRY F. TURNER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—Affirming.

The appellant, Taylor, who had formerly been confined in one of the penitentiaries of the state, and whose reputation for truth and veracity was shown on the trial of this case to be bad, was convicted of grand larceny, committed by stealing from the pocket-book of Mrs. Harper, thirty-one dollars.

The only ground relied on for reversal is that the evidence was wholly insufficient to sustain the verdict of conviction.

There was no direct evidence introduced against Taylor, but the circumstantial evidence pointing to his guilt was amply sufficient, as we think, to justify the jury in returning the verdict they did, and of course a judgment of conviction may be rested on circumstantial evidence when it is of such a nature as to establish with reasonable certainty the guilt of the accused.

Briefly the facts are these: A Mrs. Harper went to the dental office of Dr. Johnson to have some work done. She left her coat containing her pocket-book, in which she had the money Taylor was charged with stealing, on a couch in the reception room of Dr. Johnson, and then she and her husband went into the operating room adjoining, there being a door between the rooms. While the doctor was doing the dental work for Mrs. Harper, Taylor and a little girl came into the reception room at different times, but the little girl did not go near the couch where the coat and pocket-book were, and during the entire time she was in the reception room, which was only for a few minutes, Miss Edwards, the doctor's attendant, was also in that room and so there is not, nor could there be, even an intimation in the record that the little girl took the money.

Coming now to the circumstances that fasten guilt upon Taylor, Mrs. Harper testified that after she had been in the operating room about twenty minutes a man whom she did not then know, but clearly identified afterwards as Taylor, came into the reception room and said he wanted to have a tooth pulled, and Dr. Johnson told him he would pull it in a few minutes; that Taylor took a seat on the couch near her coat and after remaining there several minutes got up and said: "I will be back in half an hour," and Dr. Johnson replied: "Come on back, I am ready for you now," but Taylor, without making any reply, left the room and went out on the street and a moment or so after he left her husband discovered the loss of the money.

Dr. Johnson testified that while he was working on Mrs. Harper, Taylor came in the reception room and said he wanted to have a tooth pulled and he told him to wait a little while; that Taylor sat down on the couch and

after remaining there about twenty minutes got up and started out, when he told him he would be ready for him in about a minute; that Taylor then said he would be back in thirty minutes, and as soon as he left Mr. Harper went in the reception room, looked at the purse, and found that the money was gone. Thereupon the police were notified and Taylor was arrested and brought back to the office about thirty minutes after he left.

Mr. Harper said that when Taylor came in the reception room he told the doctor he wanted to have a tooth pulled, and sat down on the couch and told the doctor to hurry, that he was suffering, and Doctor Johnson replied that he would be ready for him in a minute; that when Taylor got up to go out he said he would be back in thirty minutes, and as he was going out Dr. Johnson said to him: "I am ready for you now," but Taylor made no answer and went out; that as soon as Taylor left he discovered that the money was gone, and reported the matter to the police, who presently arrested Taylor.

Miss Edwards, the office attendant, testified that she knew Taylor and saw him when he came in and took a seat on the couch close to the coat of Mrs. Harper containing her pocket-book; that he told the doctor he wanted to have a tooth pulled; that the doctor told him to take his seat and he would be ready for him soon; that after sitting on the couch a while he started to leave when she told him Doctor Johnson was ready for him then, but he went out; that she was in the operating room part of the time and part of the time in the reception room while Taylor was there.

Taylor in his own behalf said that he remained in the reception room about fifteen or twenty minutes; that he did not take the pocket-book or notice the coat in which it was; that he had been drinking and felt like he wanted to throw up and went out of the room for this purpose and to a nearby saloon, where he was arrested; that when arrested he only had seven or eight cents on his person.

Clark, one of the policemen who arrested him, said they found him in a saloon and after arresting him took him back to Doctor Johnson's office; that they only found seven or eight cents on his person.

This evidence shows (1) that Mrs. Harper left her pocket-book with thirty-one dollars in it in her coat on the couch in the reception room; (2) that no person was in this room except the little girl before mentioned, Miss

Edwards, the attendant, and Taylor, between the time the coat was left on the couch and the time when the money was missed; (3) that Taylor came into the reception room and said he was suffering with toothache and wanted his tooth pulled; that he then took a seat on the couch near the coat and pocket-book and after remaining there for several minutes, during part of which time there was no one in the room except himself, he hurriedly left, saying he would be back in about half an hour; that when he was leaving the doctor told him he was ready for him, but he went out without paying any attention to what the doctor said; (4) that as soon as he left the room, under the circumstances stated, Mr. Harper, suspecting that he had taken the money, went to the couch and discovered that it was missing.

In contradiction of these circumstances that clearly point to the guilt of Taylor there is nothing but his statement that he did not take the money and the fact that when he was searched shortly afterwards only a few cents were found on his person. The circumstance that no money was found on his person when arrested may be easily explained by the other circumstance that after leaving the office he had ample time to make some disposition of the stolen money, although he says he did not do so.

The jury that tried the case saw the witnesses, heard them testify and reached the conclusion that Taylor was guilty. There is no claim that the jury were influenced by prejudice or passion, and their finding upon the facts and circumstances before them we will not set aside.

The judgment is affirmed.