## Offill v. Commonwealth.

(Decided May 1, 1928.)

### Appeal from Carter Circuit Court.

1.  Arson.—Ky. Stats., sec. 1169, denouncing the burning of buildings of kind specified, "or any other house whatever," held sufficient to

embrace burning of church building, though churches are not specifically mentioned therein.

2. Criminal Law.—Instruction in prosecution under Ky. Stats., sec. 1169, for burning church, though subject to criticism in not submitting ownership of property burned, must be considered with following instruction, which was sufficient in that respect, and, when so considered, was not confusing to jury.

3. Arson.—In prosecution under Ky. Stats., sec. 1169, for unlawful burning of church, evidence relating to defendant's alleged confessions, in addition to proof of circumstances, held sufficient to require submission of case to jury, and its verdict of guilty was not against evidence.

JOHN M. THEOBOLD and CARLTON COUNTS for appellant.

JAMES W. CAMMACK, Attorney General, and SAMUEL KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—
Affirming.

Everett Offill was convicted of the crime of burning a church and sentenced to the penitentiary for two years. The building belonged to the Methodist Church, and the Offill family had been active in its construction. The membership had fallen away and services had been discontinued, but a reorganization had been effected on Saturday, February 11, 1927, appellant's father being elected one of the trustees. The fire occurred the following night about 11 o'clock. It was cloudy and raining, but there was sufficient light from the moon to recognize objects, and the church was visible from the Midland highway, some 35 or 40 feet distant. About 8 o'clock that night appellant called at the home of his uncle, John Newman, and asked him for some kerosene. Newman's oil can was empty, but he told appellant to get a pint bottle from the forks of an apple tree in the yard, which he did, and thereupon Newman poured about a fourth of a pint of oil into the bottle and closed it with a paper stopper, giving the bottle to appellant, who left. Ellis Damron, while riding by on horseback between 10 and 10:30 that night, saw some one in front of the church. A short time later two young men passed, seeing no evidence of fire, but upon reaching a point about 400 yards distant looked back and discovered the rear of the church building in flames, whereupon they turned back and met appellant within about 300 yards of the building. They

called his attention to the fire, and he returned with them, and the three removed the organ and pews from the church, but could not stop the flames. Other persons gathered at the fire, and some of the witnesses testify that in the course of the conversation appellant said "that he burned the church and could whip any damn man who said he didn't." Later, some of these witnesses were called and testified that appellant further stated on the night in question that "the house had cost him some money or would save him some."

The appellant testifies that on Saturday before the fire he and some other boys agreed to have a game of pitch at an old mill operated by his father, which was situated a short distance from the highway; that on Sunday night he started to fill this engagement and went by Jim Newman's residence and procured a bottle of oil for the purpose of illumination at the game; that he had frequently procured oil in this way from Mr. Newman (and as to this he is corroborated by Newman). After procuring the oil he went to the mill, and the other boys not appearing, he lay down and fell asleep; that when he awoke he placed the oil under the mill and started home, meeting the young men on the highway and returning with them to the fire; that after the fire the boys were "joshing" each other as to which had burned the church, and he jocularly remarked that he had burned the building, but says that he did not burn it and knew nothing about its ignition. It is further shown by three witnesses that after the fire, upon information given by appellant, they visited the mill and found a bottle of coal oil at the place he claimed to have placed it. This bottle was produced at the trial, and witness Newman identified it as being similar in size, kind of oil, and character of stopper to the one he had furnished appellant.

It is urged first that the court erred in overruling the demurrer to the indictment. This is based on the fact that section 1169 of Kentucky Statutes, under which the indictment was drawn, enumerates a number of buildings, the burning of which is denounced, but does not specifically mention a church building, though it contains the words, "or any other house whatever." The same question was raised and fully discussed in the case of McDonald v. Com., 86 Ky. 10, 4 S. W. 687, 9 Ky. Law Rep. 230, and the conclusion reached that the words last quoted are sufficient to embrace a church building. We

think the conclusions, there reached, sound and should be adhered to.

Second, the court instructed the jury thus:

(1) "The court instructs the jury that if they shall believe from the evidence beyond a reasonable doubt that the defendant, Everett Offill, in Carter county, Ky., before the finding of the indictment, burned the churchhouse as set out in the indictment, they will find him guilty and fix his punishment at confinement in the penitentiary of Kentucky for not less than one, nor more than six years in their discretion.

(2) "The court instructs the jury that the law presumes the defendant to be innocent until he is proven guilty beyond a reasonable doubt, and if upon the whole case, from all the evidence doubt as to whether or not the defendant has been proven guilty of setting afire and burning down the Methodist Episcopal Church, South, at Counts Cross Roads, as set out in the indictment, it is their duty to give him the benefit of said doubt and find him not guilty."

It is argued that the first instruction is erroneous in not submitting the issue of ownership of the property burned, and, standing alone it is subject to that criticism, but it will be observed that in the second instruction the jury were required to acquit the defendant if they "*entertained a reasonable doubt as to whether or not defendant had been proven guilty of starting the fire and burning down the Methodist Episcopal Church, South, as set out in the indictment.*" The instructions are to be considered as a whole, and, when so considered, these two presented the entire law of the case, and the jury could not have been confused thereby.

Lastly, it is argued that the defendant was entitled to a peremptory instruction to find him not guilty. A number of cases are cited in which it is held that a conviction cannot be sustained upon purely circumstantial evidence unless it establishes the guilt of the accused with reasonable certainty (Taylor v. Com., 182 Ky. 728, 207 S. W. 456), and that in order to justify conviction such evidence must point unerringly to the guilt of the accused so that in construing all the facts the mind is not left in doubt (Hall v. Com., 149 Ky. 42, 147 S. W. 764), and that such evidence "must not only be consistent with the

theory of defendant's guilt, but must exclude every reasonable hypothesis of his innocence.'' This case is to be distinguished from those cited in that there is proof of a confession by defendant. This is in addition to proof of circumstances which, unexplained, establish with reasonable certainty the guilt of the accused. True, he offers a plausible explanation of the circumstances and of the alleged confessions, and denies the burning, and no motive for the burning is shown. But under the evidence the fire must have been of incendiary origin, and if the jury believed the confession, proof of motive was immaterial. Certainly there was enough evidence to submit the issues to the jury, and we cannot say its verdict was flagrantly against the evidence.

Wherefore, perceiving no error, the judgment is affirmed.